IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES S. NOLAND,

    Plaintiff,

v.                                                                                                                         CIV-08-0056 JB/LFG

CITY OF ALBUQUERQUE; BERNALILLO COUNTY BOARD
OF COMMISSIONERS; BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER; Bernalillo County Metropolitan
Detention Center Administrator HARRY TIPTON, in his
individual and official capacities; Bernalillo County Metropolitan
Detention Center Administrator MIKE SISNEROS, in his individual and
official capacities; Bernalillo County Metropolitan Detention Center Administrator
RONALD TORRES, in his individual and official capacities; Bernalillo
County Metropolitan Detention Center Administrator HENRY PEREA,
in his individual and official capacities; Bernalillo County Metropolitan
Detention Center Administrator DONALD CRUTCHFIELD, in his
individual and official capacities; Bernalillo County Metropolitan Detention
Center Administrator MATT CANDELARIA, in his individual and official
capacities; Bernalillo County Metropolitan Detention Center Administrator
JUAN CHACON, in his individual and official capacities; Bernalillo County
Metropolitan Detention Center Administrator MATT ELWELL, in his
individual and official capacities; Bernalillo County Metropolitan Detention
Center Administrator PAUL SALCIDO, in his individual and official capacities;
Bernalillo County Metropolitan Detention Center Administrator ERIN WORSHAM,
in her individual and official capacities; Bernalillo County Metropolitan
Detention Center Correctional Officer DANNY SISNEROS, in his individual and
official capacities; Bernalillo County Metropolitan Detention Center Correctional
Officer ERNEST WICKAM, in his individual and official capacities;
Bernalillo County Metropolitan Detention Center Correctional Officer JOSE
HERNANDEZ, in his individual and official capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on the County Defendants' Motion to Dismiss, or in the Alternative, Summary Judgment, filed July 8, 2008 (Doc. 36). Upon reviewing the briefing, the Court believes it has sufficient information to decide the questions raised on this Motion and that

a hearing will not be necessary.  The primary issues are whether: (i) the County Defendants are entitled to dismissal because they are not the proper parties in this lawsuit, given that Bernalillo County was not Plaintiff James A. Noland's employer when relevant incidents took place; and (ii) whether Noland's suit against the County Defendants is barred because Noland failed to properly notify the County Defendants of the lawsuit pursuant to NMSA § 41-4-16A of the New Mexico Tort Claims Act.  Although Noland did not have a protectable property interest in a conditional offer of employment that was later rescinded, he had other valid causes of action against the County for which he has stated a claim.  The notice requirement of the New Mexico Tort Claims Act does not bar this lawsuit. The Court will therefore grant the motion in part and deny it in part.  The Court will dismiss the procedural due-process claim but will allow the other claims to go forward.

## FACTUAL BACKGROUND

Noland was employed as a case management specialist at the Bernalillo County Metropolitan Detention Center ("MDC").  See Amended Civil Rights Complaint ¶ 2, 29, at 2, 5, filed March 31, 2008 (Doc. 4)("Complaint").  As a case management specialist, Noland was primarily responsible for processing inmate housing grievances at one of the inmate housing units at MDC. See id. ¶ 29-30, at 5.  The MDC operated under a joint-powers agreement between the City of Albuquerque and Bernalillo County.  See id. ¶ 5, at 2.  During all relevant periods, the City of Albuquerque was Noland's employer.  See id. ¶ 2, at 2.

In his Complaint, Noland asserts several incidents that, in his view, amount to discrimination based on race and religion.  The specifics of those allegations are not important to the disposition of this motion, except for the fact that Noland was a city employee when each of the alleged events occurred.  As relevant to this motion, on April 18, 2005, the City of Albuquerque decided to turn full control of the MDC to the County by July 2006.  See Complaint ¶ 35, at 6.  Although the County

expressed "desire to honor the longevity of employment of [City] employees," and to "employ the individuals in a manner that is as close to their former wages, hours, benefits, terms and conditions of employment as possible," id. ¶ 37, at 6, the County extended Noland only a conditional offer to continue at the MDC under the County's control, see id. ¶ 38, at 6.  According to Noland, the conditional offer was the same as the offer that employees with extensive disciplinary and criminal histories received.  See id.  Employees whose situations were more similar to that of Noland did not have conditions placed on their offers to work for the County.  See id.

Pursuant to the conditional offer, Noland was placed on a nine-month probationary period. See id.  Although the Complaint is not clear, it appears that another condition imposed on Noland was that he had to waive his rights to the "just cause" standard for disciplinary action, and his right to "grieve or arbitrate any disciplinary action."[1]  Id.  Although Noland inquired with Human Resources regarding why he had received a conditional offer, he eventually signed the contract reflecting the conditional offer of employment rather than facing a lay off.  See id. ¶ 39, at 7.

On June 8, 2006, Noland had a verbal altercation with a fellow worker in which Noland told his co-worker to "stop acting like a bitch."  Id. ¶ 42, at 7.  The verbal exchange between Noland and his co-worker resulted in Noland being placed on administrative leave.  See id. ¶ 44, at 7.  Nothing happened to Noland's co-worker.  See id. ¶ 44, at 7.  Shortly after being placed on administrative leave, Noland received notice that his conditional offer of employment with the County had been rescinded.  See id. ¶ 47, at 8.  Noland was still a city employee when his conditional offer to work for the County was rescinded.  See id. ¶ 44, at 7.

## PROCEDURAL BACKGROUND

---

[1] By "grieve," the Court presumes Noland means the right to appeal or dispute disciplinary actions.

Noland filed a Charge of Discrimination on January 29, 2007 with the Human Rights Division of the New Mexico Department of Labor and with the Equal Employment Opportunity Commission ("EEOC"). The Human Rights Division and the EEOC dismissed Noland's claims, and issued a notice of right to sue on October 17, 2007. Noland then sued in federal court on January 15, 2008. Noland filed his Amended Complaint on March 31, 2008. In his lawsuit, Noland invokes Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983.

In their motion, the various County Defendants contend that they are not proper Defendants in this case. See Motion at 10. They assert that, upon Noland's own admission, he was an employee of the City of Albuquerque "'at all relevant times hereto," id. (quoting Complaint ¶ 2, at 2), and that Noland should accordingly direct his claims toward the City of Albuquerque. See Motion at 10. The County Defendants also insist that, while Noland claims the County wrongfully terminated him without due process, the Court should dismiss such a claim because Noland was never a County employee. See id. Rather, the County Defendants argue, Noland had only a conditional offer, which the County rescinded before Noland became a County employee. See id. The County Defendants insist that, as a "soon to be probationary employee with the County, Noland had no constitutionally protected 'property' interest in employment." Id. (citing Sipes v. United States, 744 F.2d 1418, 1421 (10th Cir. 1984)). The County Defendants argue that, without such a constitutionally protected property interest, Noland was not entitled to due-process protections when the County rescinded the conditional offer of employment. See Motion at 11.

As an alternative grounds for dismissal, the County Defendants argue that, while this law suit was brought pursuant to the New Mexico Tort Claims Act, Noland failed to follow the New Mexico Tort Claims Act's requirement that he provide the county clerk proper notice of the lawsuit. See Motion at 11 (citing NMSA § 41-4-16). The County Defendants maintain that NMSA § 41-4-16

"clearly states that if an individual sues the County, the County Clerk must be served notice of the claim within ninety (90) days after the alleged incident." Motion at 11.  The County Defendants assert that Noland never fulfilled the command of NMSA § 41-4-16 because, while he provided notice of the lawsuit to the Bernalillo County Risk Management Division on February 14, 2008, he "never provided the County Clerk proper notice of his claim as required by statute." Motion at 11. The County Defendants therefore urge the Court to dismiss the claims against them in this lawsuit.

After receiving an extension of time, Noland filed a response to the Motion. See Response to County Defendants' Motion to [sic] in the Altermative [sic], Summary Judgment, filed February 9, 2009 (Doc. 48)("Response").  In his response, Noland insists that "the case is too early on in the stage of due process and is not ripe for summary judgment when all discovery has not been made, interrogatories have not been completed and depositions have not be[en] completed." Id. at 1. Noland also argues that it is the "duty of the court to allow Plaintiff his due process rights." Id. at 2.  Although it is not clear, Noland also appears to argue that the County Defendants do no enjoy immunity. See id. at 3.  He also contends that there are genuine issues of material fact which make dismissal or summary judgment inappropriate at this time.  See id.

## LAW REGARDING MOTIONS TO DISMISS

Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering and addressing a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.

See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006); Hous. Auth. of Kaw Tribe v. City of Ponca City, 952 F.2d 1183, 1187 (10th Cir. 1991).

A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's obligation to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citation omitted). "[T]he Supreme Court recently . . . prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1967, 1969). "The [Supreme] Court explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177 (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1974)(alterations omitted). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177. The Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly,

127 S Ct. at 1974)(internal citations omitted).

> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." [Bell Atl. Corp. v. Twombly, 127 S.Ct.] at 1965 n. 3. See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C., 499 F.3d 663, 667 (7th Cir. 2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."). The Twombly Court was particularly critical of complaints that "mentioned no specific time, place, or person involved in the alleged conspiracies." 127 S. Ct. at 1971 n. 10. Given such a complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin." Id.

Robbins v. Oklahoma, 519 F.3d at 1248.

In determining the sufficiency of a complaint, all well-pleaded factual allegations are to be taken as true. See Timpanogos Tribe v. Conway, 286 F.3d 1195, 1204 (l0th Cir. 2002). The Court will "accept as true all well-pleaded factual allegations and view them in the light most favorable to . . . the nonmoving party." Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007). "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Belman, 935 F.2d 1106, 1110 (l0th Cir. 1991). "Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." Id. Only well-pleaded facts, as distinguished from conclusory allegations, are admitted when considering a motion to dismiss for failure to state a claim upon which relief can be granted. See Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001).

## NMSA § 41-4-16A

Under the New Mexico Tort Claims Act,

>    A. Every person who claims damages from the state or any local public body under the Tort Claims Act shall cause to be presented to the risk management division for claims against the state, the mayor of the municipality for claims against the municipality, the superintendent of the school district for claims against the school district, the county clerk of a county for claims against the county, or to the administrative head of any other local public body for claims against such local public body, within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the Tort Claims Act, a written notice stating the time, place and circumstances of the loss or injury.
>
>    B. No suit or action for which immunity has been waived under the Tort Claims Act shall be maintained and no court shall have jurisdiction to consider any suit or action against the state or any local public body unless notice has been given as required by this section, or unless the governmental entity had actual notice of the occurrence. The time for giving notice does not include the time, not exceeding ninety days, during which the injured person is incapacitated from giving the notice by reason of injury.

NMSA § 41-4-16A. The New Mexico Court of Appeals has explained: "[T]he purpose of a notice requirement is to enable the person or entity to whom notice must be given, or its insurance company, to investigate the matter while the facts are accessible, to question witnesses, to protect against simulated or aggravated claims, and to consider whether to pay the claim or refuse it." Martinez v. City of Clovis, 95 N.M. 654, 657, 625 P.2d 583, 586 (Ct. App. 1980).

In light of the purposes underlying § 41-4-16A, the New Mexico Court of Appeals found the notice requirement satisfied in a lawsuit where the plaintiff's attorney and a city defendant's insurer exchanged written communications within the ninety day period regarding the plaintiff's claims against the city. See Martinez v. City of Clovis, 95 N.M. at 655, 625 P.2d 584. The New Mexico Court of Appeals in Martinez v. City of Clovis reasoned that, where the insurance company was authorized to handle the matter on behalf of the city, agency principles dictated that notice to the insurer was sufficient. See id. at 657, 625 P.2d 586. Furthermore, the New Mexico Court of Appeals in Martinez v. City of Clovis stated: "Indeed, it is pettifoggery to suggest that the common rules of agency should not apply, particularly when the purpose for the requirement of notice is

-8-

examined and the record discloses that the agent of the municipality and the mayor is, within the ninety-day period, performing those acts which notice is intended to trigger." Id. at 657, 625 P.2d 586.

## ANALYSIS

A thorough review of the Complaint and of the applicable legal principles leads the Court to conclude that Noland has stated a claim against the County Defendants. The County Defendants construe the Complaint too narrowly, ignoring the allegations in the Complaint that they not only denied Noland due process, but that they also discriminated against him under Title VII. The Court therefore believes that the County is a proper defendant. Moreover, the Court does not believe the County Defendants' argument about a failure to provide proper notice under the New Mexico Tort Claims Act has merit. The County does not enjoy immunity from suit under 42 U.S.C. § 1983 or Title VII. The New Mexico Tort Claims Act, which waives common-law sovereign immunity under certain circumstances, therefore does not apply to those claims. To the extent that the New Mexico Tort Claims Act applies – if at all – New Mexico courts have not construed the notice provision as narrowly as the County Defendants contend. To the extent that the notice requirement is applicable, Noland has satisfied it.

**I.  NOLAND STATES A CLAIM FOR DISCRIMINATION AGAINST THE COUNTY DEFENDANTS.**

The County Defendants assert that Noland had no property interest in a rescinded conditional offer, and that he was therefore not entitled to full due process before the offer was rescinded. In so arguing, the County Defendants adopt an overly restrictive reading of Noland's Complaint and ignore the thrust of his Complaint, which is for discrimination based on race and religion. Fairly read, Noland's Complaint includes allegations that amount to discrimination claims against the

County.

As an initial matter, the Court agrees with the County Defendants that an individual does not have a property interest in a conditional offer of employment such that he is entitled to full due process before such an offer can be withdrawn. The United States Court of Appeals for the Tenth Circuit has stated: "A public employee facing discharge is entitled to the safeguards of procedural due process only if he can demonstrate that the termination implicates a property or liberty interest protected by the Due Process Clause." Sipes v. United States, 744 F.2d at 1420. In Sipes v. United States, the Tenth Circuit agreed with the lower court's finding that, "as a probationary employee, plaintiff had no constitutionally protected property interest in continued employment." Id. (internal quotation marks and citation omitted). See Walker v. United States, 744 F.2d 67, 68 (10th Cir. 1984), overruled on other grounds by Melton v. City of Oklahoma City, 928 F.2d 920 (10th Cir. 1991).

In Walker v. United States, the plaintiff, who was a probationary employee at Tinker Air Force Base, was discharged for making false statements on documents he was required to submit before receiving employment. See 744 F.2d at 67. The Tenth Circuit held that the discharge did not trigger a right to procedural due process because, "[a]s a probationary employee, appellant had no 'legitimate claim of entitlement' sufficient to create a property interest in his continued employment." Id. (quoting Board of Regents v. Roth, 408 U.S. 564, 577-78 (1972)).

If a probationary employee does not have a constitutionally protected property interest in continued employment, it follows that an individual with a conditional contract for probationary employment does not have a property interest that would trigger due process. Noland, who had only a conditional offer for probationary employment, is further removed from having a property interest than a person already under probationary employment. He therefore did not have a property interest

-10-

in the offer. The County's decision to withdraw the offer was therefore not a denial of procedural due process.

Even though the Court agrees that there was no denial of procedural due process with respect to the County Defendants, that does not – as the County Defendants would argue – end the inquiry. Rather, while the County Defendants have chosen to ignore various aspects of Noland's Complaint, the Court finds that Noland has stated claims against the County Defendants based on discrimination. Thus, even though the Court finds that Noland does not have a claim for procedural due process against the County, the County Defendants are proper parties in a discrimination claim.

In the section of his Complaint titled "ALLEGATIONS COMMON TO ALL CLAIMS," Noland asserts "[d]iscrimination based on [P]laintiff's race and or enthnicity," Complaint ¶ 18, at 4, "[d]iscrimination based on [P]laintiff's suspected religious membership and or association," Complaint ¶ 19, at 4, and that "Plaintiff was subjected to retaliation or reprisal," Complaint ¶ 20, at 4. Noland also recounts the events that he believes led to the rescission of his offer, including the incident in which he had an argument with a co-worker and referred to that co-worker as a bitch. Complaint ¶ 42, at 7. Read together, the generally applicable allegations and the specific narrative combine to support more than merely a cause of action for due-process violation. Essentially, Noland is alleging that, on the basis of his race and his adherence to Islam, he has been treated differently than other employees by receiving an inferior conditional offer which other similarly situated did not receive, and by then seeing his offer rescinded for an incident that he believes was blown out of proportion. There is no dispute – nor could there be – that a discriminatory hiring claim does not lie against a prospective employer under Title VII. See, e.g., Lowber v. City of New Cordell, 298 Fed.Appx. 760, *2 (10th Cir. 2008)(reversing summary judgment against a plaintiff who had brought a claim for discrimination under Title VII based on a prospective city employer

hiring a less qualified male applicant).

There is no allegation that Noland failed to fulfill any exhaustion requirements regarding the County Defendants. Instead, the County Defendants suggest an excessively narrow reading to the Complaint that does not account for valid claims against them. The Court will not dismiss the claims against the County Defendants based on such a narrow reading of the Complaint.

**II.    THE COUNTY DEFENDANTS' ARGUMENT REGARDING DEFECTIVE NOTICE UNDER THE NEW MEXICO TORT CLAIMS ACT IS WITHOUT MERIT.**

The County Defendants insist that Noland has brought his claims under the New Mexico Tort Claims Act and that he has failed to provide proper notice as the Act requires. On those grounds, the County Defendants ask the Court to dismiss Noland's claims against them. The Court does not believe, however, that the notice provisions of the New Mexico Tort Claims Act apply to the federal claims that Noland has raised against the County Defendants.

As stated in his Complaint, Noland has invoked Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983, and he has asked for various classes of relief, including money damages and injunctive relief. The County Defendants do not enjoy Eleventh Amendment immunity. See Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 401 (1979)("But the [Supreme] Court [of the United States] has consistently refused to construe the Amendment to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a 'slice of state power.'"). To the extent that the County Defendants enjoy state common-law immunity, such immunity does not protect them from suits brought under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. Given that the County Defendants are not immune from suit for such federally created causes of action, the New Mexico Tort Claims Act is a non-factor. Nevertheless, even if the New Mexico Tort Claims Act applies to any aspect of Noland's claims,

Noland has met the New Mexico Tort Claim's Act's notice requirement.

The County Defendants concede in their Motion that "Noland provided the Bernalillo County Risk Management Division with notice of his claim on February 14, 2008." Motion at 11. The County Defendants, however, contend that Noland "has never provided the County Clerk proper notice of his claim as required by statute." Id. Admittedly, § 41-4-16A's text, strictly construed, appears to require that a person suing under the New Mexico Tort Claims Act provide notice to the county clerk of suit against the county. As the statute states:

> Every person who claims damages from the state or any local public body under the Tort Claims Act shall cause to be presented to the risk management division for claims against the state, the mayor of the municipality for claims against the municipality, the superintendent of the school district for claims against the school district, *the county clerk of a county for claims against the county*, or to the administrative head of any other local public body for claims against such local public body, within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the Tort Claims Act, a written notice stating the time, place and circumstances of the loss or injury.

NMSA 1976 § 41-4-16A (emphasis added). New Mexico courts, however, have construed this language liberally. According to the New Mexico Court of Appeals, the notice requirement satisfied in a lawsuit where the plaintiff's attorney and a city defendant's insurer exchanged written communications within the ninety day period regarding the plaintiff's claims against the city. See Martinez v. City of Clovis, 95 N.M. at 655, 625 P.2d 584. Notably, in Martinez v. City of Clovis, there was no notice delivered to the "mayor of the municipality for claims against the municipality." NMSA 1976 § 41-4-16A. Even so, the New Mexico Court of Appeals in Martinez v. City of Clovis held that the communications between the plaintiff's attorney and the City's insurer satisfied the purposes of the notice requirement because, through the communications – which the insurer rather than the plaintiff's attorney initiated – the insurer, as the City's agent, became apprised of the law suit and could deal with it accordingly. 95 N.M. at 655, 625 P.2d at 584. In reaching its holding,

the New Mexico Court of Appeals reiterated the notice provision's purposes: "[T]he purpose of a notice requirement is to enable the person or entity to whom notice must be given, or its insurance company, to investigate the matter while the facts are accessible, to question witnesses, to protect against simulated or aggravated claims, and to consider whether to pay the claim or refuse it." Martinez v. City of Clovis, 95 N.M. at 657, 625 P.2d at 586 .

This case is similar to Martinez v. City of Clovis in that, while Noland did not comply with all of the notice provision's requirements by sending formal notice to the county clerk, he sent notice to the Bernalillo County Risk Management Division. The County Defendants have not attempted to argue that the Bernalillo County Risk Management Division was not authorized to handle this matter or that some aspect of the relationship between the County and the Risk Management Division indicates that agency principles such as those applied in Martinez v. City of Clovis should not apply. The Court is confident that, when the County's risk management attorneys, whose job it is to defend it against lawsuits such as these, receive notice of a lawsuit, the purposes of the notice provision are met. Risk Management is able, on behalf of the County, to investigate and defend against claims. Thus, under New Mexico case law, the command of § 41-4-16A is met.

**IT IS ORDERED** that the County Defendants' Motion to Dismiss, or in the Alternative, Summary Judgment, is granted in part and denied in part. The Court dismisses the Plaintiff's procedural due-process claim. The Motion is otherwise denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

James S. Noland
Corrales, New Mexico

    *Pro Se Plaintiff*

Marcus J. Rael, Jr.
Erika E. Anderson
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Bernalillo County Board of Commissioners, Bernalillo County Metropolitan Detention Center, Mike Sisneros, Ronald Torres, Henry Perea, Matt Candelaria, Juan Chacon, Matt Elwell, Paul Salcido, Erin Worsham, Danny Sisneros, and Jose Hernandez*

Robert M. White
Kathryn Levy
Albuquerque City Attorney's Office
Albuquerque, New Mexico

    *Attorneys for Defendants City of Albuquerque, Harry Tipton, Donald Crutchfield, and Ernest Wickam*