IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES S. NOLAND,

    Plaintiff,

v.                                                                                                              No. CIV 08-0056 JB/LFG

CITY OF ALBUQUERQUE; BERNALILLO COUNTY BOARD
OF COMMISSIONERS; BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER; Bernalillo County Metropolitan
Detention Center Administrator HARRY TIPTON, in his
individual and official capacities; Bernalillo County Metropolitan
Detention Center Administrator MIKE SISNEROS, in his individual and
official capacities; Bernalillo County Metropolitan Detention Center Administrator
RONALD TORRES, in his individual and official capacities; Bernalillo
County Metropolitan Detention Center Administrator HENRY PEREA,
in his individual and official capacities; Bernalillo County Metropolitan
Detention Center Administrator DONALD CRUTCHFIELD, in his
individual and official capacities; Bernalillo County Metropolitan Detention
Center Administrator MATT CANDELARIA, in his individual and official
capacities; Bernalillo County Metropolitan Detention Center Administrator
JUAN CHACON, in his individual and official capacities; Bernalillo County
Metropolitan Detention Center Administrator MATT ELWELL, in his
individual and official capacities; Bernalillo County Metropolitan Detention
Center Administrator PAUL SALCIDO, in his individual and official capacities;
Bernalillo County Metropolitan Detention Center Administrator ERIN WORSHAM,
in her individual and official capacities; Bernalillo County Metropolitan
Detention Center Correctional Officer DANNY SISNEROS, in his individual and
official capacities; Bernalillo County Metropolitan Detention Center Correctional
Officer ERNEST WICKAM, in his individual and official capacities;
Bernalillo County Metropolitan Detention Center Correctional Officer JOSE
HERNANDEZ, in his individual and official capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on Plaintiff James S. Noland's Motion for Default

Judgment against Defendant City of Albuquerque, filed November 13, 2008 (Doc. 39). The primary

issue is whether the Court should grant judgment in favor of Plaintiff James S. Noland as a sanction

for the City's failure to timely answer his Complaint. Because Albuquerque has answered the Complaint, and because Noland has not demonstrated why the Court should enter a default judgment rather than decide this case on the merits, the Court will deny the motion.

"Default judgments are a harsh sanction." Ruplinger v. Rains (In re Rains), 946 F.2d 731, 732 (10th Cir. 1991). Because default judgment is a harsh sanction involving a court's power to enter and enforce judgments regardless of the merits of a case, courts do not favor such a sanction "purely as a penalty for delays in filing or other procedural error." Id. at 733.

> [S]trong policies favor resolution of disputes on their merits: [T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.

Id. 732-33 (internal quotation marks and citations omitted).

Counsel for Defendant City of Albuquerque entered an appearance three days after Noland filed his motion for default judgment. See Notice of Appearance at 1, filed November 16, 2008 (Doc. 41). The City of Albuquerque filed an answer on November 18, 2008. See Doc. 42. The Court therefore cannot reasonably say that the City of Albuquerque is an essentially unresponsive party, that the adversary process has been halted, or that Noland faces interminable delay because of the City of Albuquerque's actions. Because the City of Albuquerque is defending itself, and because the Court has a strong preference to resolve cases on their merits rather than by procedural default, the Court will deny the motion for default judgment.

"The preferred disposition of any case is upon its merits and not by default judgment . . . [unless the] preference is counterbalanced by considerations of social goals, justice and expediency." Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970). Here, Noland has not

pointed to considerations of social goals, justice, and expediency that suggest the Court should enter a default rather than decide the case on the merits.  Because the City has answered the Complaint and has otherwise manifested an intent to defend itself, the Court finds no considerations to justify granting the motion for default judgment.

**IT IS ORDERED** that the Motion for Default Judgment is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

James S. Noland
Corrales, New Mexico

    *Pro Se Plaintiff*

Marcus J. Rael, Jr.
Erika E. Anderson
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Bernalillo County Board of Commissioners, Bernalillo County Metropolitan Detention Center, Mike Sisneros, Ronald Torres, Henry Perea, Matt Candelaria, Juan Chacon, Matt Elwell, Paul Salcido, Erin Worsham, Danny Sisneros, and Jose Hernandez*

Robert M. White
Kathryn Levy
Albuquerque City Attorney's Office
Albuquerque, New Mexico

    *Attorneys for Defendants City of Albuquerque, Harry Tipton, Donald Crutchfield, and Ernest Wickam*