IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES S. NOLAND,

      Plaintiff,

v.                                                 No. CIV 08-0056 JB/LFG

CITY OF ALBUQUERQUE; BERNALILLO COUNTY BOARD
OF COMMISSIONERS; BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER; Bernalillo County Metropolitan
Detention Center Administrator HARRY TIPTON, in his
individual and official capacities; Bernalillo County Metropolitan
Detention Center Administrator MIKE SISNEROS, in his individual and
official capacities; Bernalillo County Metropolitan Detention Center Administrator
RONALD TORRES, in his individual and official capacities; Bernalillo
County Metropolitan Detention Center Administrator HENRY PEREA,
in his individual and official capacities; Bernalillo County Metropolitan
Detention Center Administrator DONALD CRUTCHFIELD, in his
individual and official capacities; Bernalillo County Metropolitan Detention
Center Administrator MATT CANDELARIA, in his individual and official
capacities; Bernalillo County Metropolitan Detention Center Administrator
JUAN CHACON, in his individual and official capacities; Bernalillo County
Metropolitan Detention Center Administrator MATT ELWELL, in his
individual and official capacities; Bernalillo County Metropolitan Detention
Center Administrator PAUL SALCIDO, in his individual and official capacities;
Bernalillo County Metropolitan Detention Center Administrator ERIN WORSHAM,
in her individual and official capacities; Bernalillo County Metropolitan
Detention Center Correctional Officer DANNY SISNEROS, in his individual and
official capacities; Bernalillo County Metropolitan Detention Center Correctional
Officer ERNEST WICKAM, in his individual and official capacities;
Bernalillo County Metropolitan Detention Center Correctional Officer JOSE
HERNANDEZ, in his individual and official capacities,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on pro se Plaintiff James S. Noland's Motion to

Clarify Status with New Mexico Tort Claim Issue, filed July 8, 2009 (Doc. 59).  The primary issue

is whether Noland has the right to continue to litigate his state-law claims in state court or whether

the Court will require Noland to amend his Amended Complaint to state a state-law claim for

violation of the New Mexico Tort Claims Act over which the Court should then take supplemental

jurisdiction.  The Court concludes that, because Noland did not attempt in his Amended Complaint

to allege a state-law cause of action under the New Mexico Tort Claims Act and because Noland

has already brought a separate suit on those  state-law claims in state court, the Court should not

require him to amend his Amended Complaint and shall not take supplemental jurisdiction over

claims for which Noland has requested relief only in state court.

## PROCEDURAL BACKGROUND

As noted in the Memorandum Opinion and Order issued on March 19, 2009,

> Noland filed a Charge of Discrimination on January 29, 2007 with the Human Rights
> Division of the New Mexico Department of Labor and with the Equal Employment
> Opportunity Commission ("EEOC"). The Human Rights Division and the EEOC
> dismissed Noland's claims, and issued a notice of right to sue on October 17, 2007.
> Noland then sued in federal court on January 15, 2008. Noland filed his Amended
> Complaint on March 31, 2008.  In his lawsuit, Noland invokes Title VII of the Civil
> Rights Act of 1964 and 42 U.S.C. § 1983.

Doc. 54 at 4.  Nowhere in Noland's Amended Complaint did he raise any state-law claims or

mention the New Mexico Tort Claims Act.   The parties did not mention state-law claims to this

Court until July 2009, by way of Noland's motion to clarify, which noted that he had simultaneously

filed a separate lawsuit in state court against the County Defendants[1] regarding the same incident

but alleged only state-law claims under the New Mexico Tort Claims Act.  As the County

Defendants now admit, Noland "filed his state claims in the state court and his federal claims in

the federal court," and they had contemporaneously filed motions to dismiss Noland's suits in

---

[1] "County Defendants" refers collectively to Defendants Bernalillo County Board of
Commissioners, Bernalillo County Metropolitan Detention Center, Mike Sisneros, Ronald Torres,
Henry Perea, Matt Candelaria, Juan Chacon, Matt Elwell, Paul Salcido, Erin Worsham, Danny
Sisneros, and Jose Hernandez.

both courts.  Doc. 61 at 1.

In the County Defendants' first motion to dismiss Noland's federal suit, however, they "construed [Noland's federal] complaint liberally" to also include his unstated state-law claims that he had brought in his separate state-court suit.  See id. at 1-2.  Despite the existence of Noland's separate state-court suit on his state-law claims, they made the legal argument that, *if* this Court also construed Noland's federal complaint to attempt to state a state-law claim against the County Defendants under the New Mexico Tort Claims Act, such a suit would be "barred because Noland failed to properly notify the County Defendants of the lawsuit pursuant to NMSA § 41-4-16A of the New Mexico Tort Claims Act."  Memorandum Opinion and Order, filed March 19, 2009, at 2 (Doc. 54).  Neither the County Defendants nor Noland asked the Court to first determine whether Noland's complaint factually alleged such a state-law claim or asked whether the Court should construe Noland's Amended Complaint in that manner; rather, the Defendants requested a legal ruling on a narrow question of law that *presumed* the factual predicate that Noland had attempted to allege a state-law claim under the New Mexico Tort Claims Act in his federal suit.

This Court held that the New Mexico Tort Claims Act was not applicable to Noland's federal claims.  In the alternative, however, the Court held that, "*even if* the New Mexico Tort Claims Act applies to any aspect of Noland's claims, Noland has met the New Mexico Tort Claim's Act's notice requirement" as a matter of law.  March 19, 2009 Opinion at 12-13 (italics added).

At a June 1, 2009 state-court hearing on the County's motion to dismiss Noland's state-court suit, the County Defendants presented this Court's March 19, 2009 Opinion and Order to the state-court judge.  They conceded that Noland's "Tort Claims Act [claims] could not be brought on their own in federal court," but argued that the federal court could take "supplemental jurisdiction" over the claims *if* the state court somehow "consolidated" the federal case with the state-court case or

required Noland to "amend the pleadings over in federal court and bring his state claims over there."

Doc. 61, Ex. A at 3-5 (Tr. of June 9, 2009 state-court hearing).  The County Defendants further

argued that res judicata principles barred Noland from bringing both suits simultaneously.  See id.

at 5.  Noland argued that res judicata principles did not apply to bar his state-court suit because no

final judgment had issued from his suit in federal court.  See id. at 6-7.

The state-court judge noted that this Court had ruled in its March 19, 2009 Opinion and

Order on some issues that were germane to the state-court suit, like whether Noland's state-law

claims would be barred under the New Mexico Tort Claims Act because of an alleged lack of notice

and who was Noland's employer when he was discharged.  See id. at 10.  The state-court judge

opined that "you can't present [issues] to Judge Browning in his court, have him make decisions,

and then come to my court and ask me to make the same decisions."  Id.  But the state-court judge

also ruled that she had no authority to "consolidate" her state-court case with a federal case and

stated that the federal Court had "the right to decide [whether it] will hear the state-court claims."

Id.  The state-court judge suggested that "the proper procedure" was for Noland to amend his federal

suit to also allege the state-court claims.  Id.  The state-court judge stayed Noland's state-court suit

pending further rulings from this Court.  See id. at 11.

## ANALYSIS

Noland contends that, because this Court's March 19, 2009 Order does not expressly state

that this Court will hear Noland's state-law claims that were brought only in his state-court suit, this

Court should issue an order clarifying who has jurisdiction over those claims and allowing him to

proceed with his federal claims in federal court and to go forward with his state-law claims in his

state-court suit.  He also contends that he cannot be forced to amend his federal suit to state his state-

law claims.  The Court agrees.

Noland's amended federal complaint is devoid of any factual allegations concerning any state-law claims.  It is well settled that "the plaintiff is absolute master of what jurisdiction he will appeal to" in a suit, <u>Healy v. Sea Gull Specialty Co.</u>, 237 U.S. 479, 480 (1915), and that "the party who brings a suit is master to decide what law he will rely upon," <u>The Fair v. Kohler Die & Specialty Co.</u>, 228 U.S. 22, 25 (1913).  "Jurisdiction generally depends upon the case made and relief demanded by the plaintiff . . ." <u>Healy v. Sea Gull Specialty Co.</u>, 237 U.S. at 480.  <u>See</u> <u>Merrell Dow Pharm., Inc. v. Thompson</u>, 478 U.S. 804, 809 n.6 (1986) (citing cases and noting that "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced").  Noland, therefore, had the right to bring and litigate only his federal claims in this Court and only his state-law claims in state court simultaneously.  <u>See</u> <u>Atl. Coast Line R. Co. v. Locomotive Eng'rs</u>, 398 U.S. 281, 295 (1970) (holding that, even though the plaintiff in that case could have brought its state claim with its federal case as a pendent claim, "it was free to refrain from doing so and leave the state law questions . . . to the state courts" and "it was also free to restrict the state complaint to state grounds alone").

> It is well settled that where two actions involving the same cause of action are pending in a state and a federal court, and are within the concurrent jurisdiction of each, both actions, in so far as they seek relief in personam, may proceed at the same time and when one action has gone to judgment, that judgment may be set up in the other action as res judicata.

<u>Wells v. Helms</u>, 105 F.2d 402, 404 (10th Cir. 1939).  If there are issues of fact or law that are the same in the two cases, the rulings in whichever case first comes to final judgment[2] may preclude

---

[2] Because no final judgment has been entered in this case, the Court's rulings on the issues decided in its March 2009 Memorandum Opinion and Order are not yet binding on the parties in the state-court suit.  In <u>Taylor v. Sturgell</u>, 128 S. Ct. 2161 (2008), the Supreme Court of the United States stated:

> Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the

further litigation on that same fact or issue in the pending case that remains.  See id.  When,

however, "state and federal courts ha[ve] concurrent jurisdiction [over claims in a] case, [] neither

court [i]s free to prevent either party from simultaneously pursuing claims in both courts."  Atl.

Coast Line R. Co. v. Locomotive Eng'rs, 398 U.S. at 295.  See Donovan v. City of Dallas, 377 U.S.

408, 413 (1964) ("[W]here the jurisdiction of a court, and the right of a plaintiff to prosecute his suit

in it, have once attached, that right cannot be arrested or taken away by proceedings in another

court.") (internal quotation marks omitted).

Noland purposefully did not mention or bring his state-law claims in this Court, and given

the fact that he brought them in state court, the state court has taken jurisdiction over them, and

Noland wishes to remain there, the Court will not misconstrue his federal complaint as attempting

to state claims under the New Mexico Tort Claims Act or require him to amend his federal suit to

state those claims.  See Atl. Coast Line R. Co. v. Locomotive Eng'rs, 398 U.S. at 295;  Healy v. Sea

Gull Specialty Co., 237 U.S. at 480; The Fair v. Kohler Die & Specialty Co., 228 U.S. at 25.  The

state court has jurisdiction over the state-law claims, and Noland is free to continue to litigate them

---

same issues as the earlier suit."  New Hampshire v. Maine, 532 U.S. 742, 748, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001).  Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. Id., at 748-749, 121 S. Ct. 1808.  By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

Taylor v. Sturgell, 128 S. Ct. at 2171 (2008).  See Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 525 (1986)("Challenges to the correctness of a state court's determination as to the conclusive effect of a federal judgment must be pursued by way of appeal through the state-court system and certiorari from this Court.").

in state court.  See Donovan v. City of Dallas,  377 U.S. at 412.

**IT IS ORDERED** that the Motion to Clarify Status with New Mexico Tort Claim Issue

(Doc. 59) is granted and the status of the Plaintiff's New Mexico Tort Claims is clarified as stated

herein.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

James S. Noland
Corrales, New Mexico

   *Pro Se Plaintiff*

Marcus J. Rael, Jr.
Erika E. Anderson
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

   *Attorneys for Defendants Bernalillo County Board of Commissioners, Bernalillo County*
   *Metropolitan Detention Center, Mike Sisneros, Ronald Torres, Henry Perea, Matt*
   *Candelaria, Juan Chacon, Matt Elwell, Paul Salcido, Erin Worsham, Danny Sisneros,*
   *and Jose Hernandez*

Robert M. White
Kathryn Levy
Albuquerque City Attorneys Office
Albuquerque, New Mexico

   *Attorneys for Defendants City of Albuquerque, Harry Tipton, Donald Crutchfield, and*
   *Ernest Wickam*