IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES S. NOLAND,

    Plaintiff,

v.                                                                                                   No. CIV-08-0056 JB/LFG

CITY OF ALBUQUERQUE; BERNALILLO COUNTY BOARD
OF COMMISSIONERS; BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER; Bernalillo County Metropolitan
Detention Center Administrator HARRY TIPTON, in his
individual and official capacities; Bernalillo County Metropolitan
Detention Center Administrator MIKE SISNEROS, in his individual and
official capacities; Bernalillo County Metropolitan Detention Center Administrator
RONALD TORRES, in his individual and official capacities; Bernalillo
County Metropolitan Detention Center Administrator HENRY PEREA,
in his individual and official capacities; Bernalillo County Metropolitan
Detention Center Administrator DONALD CRUTCHFIELD, in his
individual and official capacities; Bernalillo County Metropolitan Detention
Center Administrator MATT CANDELARIA, in his individual and official
capacities; Bernalillo County Metropolitan Detention Center Administrator
JUAN CHACON, in his individual and official capacities; Bernalillo County
Metropolitan Detention Center Administrator MATT ELWELL, in his
individual and official capacities; Bernalillo County Metropolitan Detention
Center Administrator PAUL SALCIDO, in his individual and official capacities;
Bernalillo County Metropolitan Detention Center Administrator ERIN WORSHAM,
in her individual and official capacities; Bernalillo County Metropolitan
Detention Center Correctional Officer DANNY SISNEROS, in his individual and
official capacities; Bernalillo County Metropolitan Detention Center Correctional
Officer ERNEST WICKAM, in his individual and official capacities;
Bernalillo County Metropolitan Detention Center Correctional Officer JOSE
HERNANDEZ, in his individual and official capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on the County Defendants' Motion for Protective Order, filed October 13, 2009 (Doc. 66). The primary issues are: (i) whether the Court should stay discovery until the scheduling conference; (ii) whether Noland has violated the rules of discovery;

and (iii) whether Noland is barred from making requests for information from the Defendants pursuant to the Inspection of Public Records Act ("IPRA"), NMSA, 1978,§§ 14-2-1 to 14-2-11. The Court concludes that the request for a stay of discovery is moot and that Noland has not violated the discovery rules.  The Court further concludes that the federal rules of discovery are not the exclusive method by which a litigant may obtain information from an opposing party.  Accordingly, the Court denies the Defendants' motion.

## I. THE REQUEST FOR STAY IS MOOT, AND NOLAND HAS NOT VIOLATED THE DISCOVERY RULES.

 "A party may not seek discovery from any source before the parties have conferred as required by rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1); D.N.M. LR-Civ. 26.4.  The Defendants contend that the parties have not yet conferred and Noland's discovery requests are therefore premature.  Noland argues, however, that the parties stipulated to production of certain initial-disclosure documents in March 2009 that the Defendants later failed to honor, and have also conferred through e-mailing and writing letters.  At the scheduling conference to be held tomorrow -- on October 28, 2009 -- the Court will consider additional argument regarding the stipulations.

Because the County Defendants'[1] request for a stay of discovery until the scheduling conference is held is now almost moot, the Court will deny the request for a stay.  Insofar as the County Defendants may not have yet supplied Noland with their initial disclosures and stipulated

---

[1] "County Defendants" refers collectively to Defendants Bernalillo County Board of Commissioners, Bernalillo County Metropolitan Detention Center, Mike Sisneros, Ronald Torres, Henry Perea, Matt Candelaria, Juan Chacon, Matt Elwell, Paul Salcido, Erin Worsham, Danny Sisneros, and Jose Hernandez.

discovery, they are ordered to do so.

The County Defendants also complain that Noland has violated rule 33(a)(1) of the Federal Rules of Civil Procedure, by serving more than twenty-five written interrogatories. Noland contends, and the Court agrees, that he is entitled to serve up to twenty-five interrogatories to each individual County Defendant and that he has not violated the federal rules.

## II.     NOLAND IS NOT PRECLUDED FROM MAKING IPRA REQUESTS.

The County Defendants contend that Noland is prohibited from making requests for information under the IPRA because the Federal Rules of Civil Procedure provide an exclusive method of obtaining information from a Defendant once suit is filed. They contend that allowing a plaintiff to obtain information through IPRA requests "provide[s] litigants the opportunity to avoid the Rules of Civil Procedure all together when they file a lawsuit." Doc. 66 at 5. The two Ohio cases the County Defendants cite in support of their contention, see State ex rel. Steckman v. Jackson, 639 N.E.2d 83 (Ohio 1994), and State ex rel. Perrysburg Township v. Rossford, 772 N.E.2d 152 (Ohio App. 6th Dist. 2002), either are not applicable to the facts of this case or have been implicitly overruled.

The Supreme Court of Ohio held, in a criminal case, "that information, not subject to discovery pursuant to Crim. R. 16(B), contained in the file of a prosecutor who is prosecuting a criminal matter, is not subject to release as a public record pursuant to [the Ohio Public Records Act] and is specifically exempt from release as a trial preparation record in accordance with [that Act]." State ex rel. Steckman v. Jackson, 639 N.E.2d at 92. The Supreme Court of Ohio first noted, however, that it would be an "anomalous result [if] any person . . . could get the records pertaining to a criminal charge against a defendant when that defendant could not, himself or herself, obtain the very same records by mandamus" after filing a request for information under the Public Records

Act. 639 N.E.2d at 88. The Supreme Court of Ohio accordingly held "that mandamus is the appropriate remedy to force compliance with the open-records statute." 639 N.E.2d at 89. The court further held that a criminal defendant could not, however, delay his pending criminal trial by seeking discovery of material *not subject to discovery* under the criminal-procedure statutes through the public-records statutes. See id. at 92.

The Ohio courts have emphasized that the scope of State ex rel. Steckman v. Jackson is very narrow: "*Steckman* applies to actual pending or highly probable criminal prosecutions and defines, in that context, the very narrow exceptions to [the Ohio Public Records Act]." State ex rel. Police Officers for Equal Rights v. Lashutka, 648 N.E.2d 808, 810 (Ohio 1995) (granting mandamus and stating that Steckman should not be "used to deny records that are clearly public and not exempt under any of the exceptions" to Ohio's public-records act). The County Defendants do not contend that Noland is seeking information through IPRA that is non-public or excepted from production under IPRA or that would otherwise not be discoverable through the Federal Rules of Procedure. And the Supreme Court of Ohio has expressly rejected the argument that "[c]ivil litigants in a pending case cannot circumvent the Civil Rules limiting discovery by making a public records request upon the opposing party for records under [the Ohio Public Records Act]." Gilbert v. Summit County, 821 N.E.2d 564, 566 (Ohio 2004) (citing cases holding that "'[a] person may inspect and copy a 'public record,' as defined in [the Act], irrespective of his or her purpose for doing so").

The Supreme Court of Ohio has implicitly overruled the second case the County Defendants cite. In State ex rel. Perrysburg Township v. Rossford, Ohio's Sixth District Court of Appeals noted that the Supreme Court of Ohio had specifically approved of "a party simultaneously using two alternate remedies [via Ohio's Public Records Act and civil discovery in a lawsuit] to obtain

the same records." 772 N.E.2d at 155. It then held, however, that the use of Ohio's Public Records Act to "circumvent the discovery process is improper." Id. at 156. In a subsequent decision by Ohio's Ninth District Court of Appeals, that court "decline[d] to follow the Sixth District Court of Appeals decision in *Perrysburg*," concluding that State ex rel. Perrysburg Township v. Rossford was contrary to the Supreme Court of Ohio precedent. Gilbert v. County of Summit, No. 21521, 2003 WL 22657879, at *4 (Ohio App. 9 Dist. Nov. 12, 2003). The Ninth District Court of Appeals held that "[a] private litigant may use the Act to request materials, regardless of their relevance to any pending lawsuit." 2003 WL 22657879, at *4. The Supreme Court of Ohio affirmed that holding on certiorari. See Gilbert v. Summit County, 821 N.E.2d at 566. State ex rel. Perrysburg Township v. Rossford is no longer good law.

Moreover, the Court finds persuasive comparing the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the IPRA. FOIA provides a separate statutory discovery mechanism from the Federal Rules of Civil Procedure. See Mayock v. Nelson, 938 F.2d 1006, 1008 (9th Cir. 1991)("[A] person's rights under FOIA are neither diminished nor enhanced by 'litigation-generated need' for agency documents."); Barvick v. Cisneros, 941 F. Supp. 1015, 1022 (D. Kan. 1996)("Regardless of the requested information's usefulness in a separate civil proceeding, the FOIA does not supplant discovery or enhance discovery rights."). Like FOIA, the IPRA provides a statutory right to request information, independent of the limits or constraints on discovery provided in the Federal Rules of Civil Procedure.

The County Defendants state no sound reason supported by any relevant legal authority why Noland cannot make requests for public information while his lawsuit is pending. The Court will not prohibit Noland from exercising his right under New Mexico law to make valid requests for public records.

**IT IS ORDERED** that the County Defendants' Motion for Protective Order (Doc. 66) is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

James S. Noland
Corrales, New Mexico

>*Pro Se Plaintiff*

Marcus J. Rael, Jr.
Erika E. Anderson
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

>*Attorneys for Defendants Bernalillo County Board of Commissioners, Bernalillo County Metropolitan Detention Center, Mike Sisneros, Ronald Torres, Henry Perea, Matt Candelaria, Juan Chacon, Matt Elwell, Paul Salcido, Erin Worsham, Danny Sisneros, and Jose Hernandez*

Robert M. White
Kathryn Levy
Albuquerque City Attorneys Office
Albuquerque, New Mexico

>*Attorneys for Defendants City of Albuquerque, Harry Tipton, Donald Crutchfield, and Ernest Wickam*