# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JAMES S. NOLAND,

    Plaintiff,

v.                                          No. CIV-08-0056 JB/LFG

CITY OF ALBUQUERQUE; BERNALILLO COUNTY BOARD OF
COMMISSIONERS; BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER; Bernalillo County Metropolitan Detention Center
Administrator HARRY TIPTON, in his individual and official capacities;
Bernalillo County Metropolitan Detention Center Administrator MIKE
SISNEROS, in his individual and official capacities; Bernalillo County
Metropolitan Detention Center Administrator RONALD TORRES, in his
individual and official capacities; Bernalillo County Metropolitan Detention
Center Administrator HENRY PEREA, in his individual and official
capacities; Bernalillo County Metropolitan Detention Center Administrator
DONALD CRUTCHFIELD, in his individual and official capacities;
Bernalillo County Metropolitan Detention Center Administrator MATT
CANDELARIA, in his individual and official capacities; Bernalillo County
Metropolitan Detention Center Administrator JUAN CHACON, in his
individual and official capacities; Bernalillo County Metropolitan Detention
Center Administrator MATT ELWELL, in his individual and official
capacities; Bernalillo County Metropolitan Detention Center Administrator
PAUL SALCIDO, in his individual and official capacities; Bernalillo County
Metropolitan Detention Center Administrator ERIN WORSHAM, in her
individual and official capacities; Bernalillo County Metropolitan Detention
Center Correctional Officer DANNY SISNEROS, in his individual and
official capacities; Bernalillo County Metropolitan Detention Center
Correctional Officer ERNEST WICKAM, in his individual and official
capacities; Bernalillo County Metropolitan Detention Center Correctional
Officer JOSE HERNANDEZ, in his individual and official capacities,

    Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Motion to Dismiss or for Judgment on the

Pleadings by Defendants City of Albuquerque, Harry Tipton, Donald Crutchfield and Ernest

Wickam, and Memorandum in Support, filed January 18, 2011 (Doc. 117).  The primary issues are:

(i) whether issue preclusion[1] bars Plaintiff James S. Noland from litigating his claims against Defendants Harry Tipton, Donald Crutchfield, Ernest Wickam, and City of Albuquerque ("the City Defendants"); (ii) whether claim preclusion[2] bars Noland from litigating his claims against the City Defendants; and (iii) whether law of the case bars Noland from litigating his claims against the City Defendants.  Because the Court finds that its previous grant of summary judgment in favor of the Defendants Bernalillo County Board of Commissioners, Bernalillo County Metropolitan Detention Center, Mike Sisneros, Ronald Torres, Henry Perea, Matt Candelaria, Juan Chacon, Matt Elwell, Paul Salcido, Erin Worsham, Danny Sisneros, and Jose Hernandez ("the County Defendants") is not final for purposes of issue preclusion or claim preclusion, the Court finds that neither issue preclusion nor claim preclusion bar Noland from litigating his claims against the City Defendants. The Court also finds that law of the case is not implicated at this time, because the Court's grant of summary judgment on Noland's claims against the County Defendants remains open to reconsideration.  The Court therefore  finds that law of the case does not bar Noland from litigating his claims against the City Defendants.

## PROCEDURAL BACKGROUND

Noland filed his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on January 15, 2008. See Doc. 1.  On March 31, 2008, Noland filed his Amended Civil Rights Complaint.  See Doc. 4 ("Amended Complaint").  In his Amended Complaint, Noland alleges claims of discrimination based on his race and ethnicity, discrimination based on his religious affiliation, harassment, threats,

---

[1] To avoid confusion, the Court will use the term "issue preclusion" to refer to "collateral estoppel."  United States v. Mendoza, 464 U.S. 154, 158 n.3 (1984).

[2] To avoid confusion, the Court will use the term "claim preclusion" to refer to "res judicata" in the sense of a final judgment on the merits barring further claims by parties or their privies on the same cause of action.  United States v. Mendoza, 464 U.S. at 158 n.3.

and intimidation, equal protection, due process, and wrongful termination.  See Amended Complaint at 4.

On July 8, 2008, the County Defendants filed a Motion to Dismiss, or in the Alternative, Summary Judgment, arguing that the Court should dismiss Noland's claims, because Bernalillo County and its employees were not proper defendants in the case and because Noland failed to provide the County clerk timely notice of his claims.  See Doc. 36.  On February 5, 2009, the Court granted Noland's Motion for Extension of Time to File a Response Brief to the County Defendants' Motion.  See Amended Memorandum and Order, filed February 5, 2009 (Doc. 45).  Noland filed a Response on February 9, 2009, arguing that the case was not ripe for summary judgment.  See Response to County Defendants' Motion to in the Alternative, Summary Judgment, filed February 9, 2009 (Doc. 48).  On March 19, 2010, the Court issued a Memorandum Opinion and Order, dismissing Noland's due-process claim, because it found that Noland did not have a protectable property interest, but allowing Noland's claims for discrimination and retaliation to go forward.  See Memorandum Opinion and Order at 2, filed March 19, 2009 (Doc. 54).

On May 26, 2010, the County Defendants filed their Motion for Summary Judgment.  See Doc. 94.  The Court referred the case to the Honorable Lorenzo F. Garcia, United States Magistrate Judge, for recommended findings and final disposition.  Judge Garcia issued his Magistrate Judge's Findings and Recommended Disposition on July 12, 2010.  See Doc. 103 ("FRD").  On July 25, 2010, past the 14-day deadline for responding provided in local rule D.N.M.LR-Civ. 7.4(a), Noland filed a Response to County Defendants Motion to in the Alternative, Summary Judgment.  See Doc. 99.

Judge Garcia recommended that the Court grant summary judgment in favor of the County Defendants.  See FRD at 9.  Judge Garcia stated that, under the district's local rules, a party's failure

to file and serve a response within the prescribed time constitutes consent to the Court granting the motion.  See FRD at 3.  Judge Garcia also recognized, however, that a motion for summary judgment must be analyzed on the merits, even if the opposing party does not respond in a timely matter.  See FRD at 3-4.  Judge Garcia therefore stated he considered all the parties' submissions in making his recommendations.  See FRD at 4.  Judge Garcia found that, even if Noland exhausted his discrimination and retaliation claim based on members of the Sisneros family receiving preferential treatment,[3] the claim would not give rise to a cause of action under Title VII, because personal or political favoritism may account for an employment decision without giving rise to a discrimination case.  See FRD at 18.  Regarding Noland's discrimination claim based on race and religion, Judge Garcia found that, even assuming Noland made a prima-facie case of discrimination, the County Defendants met their burden of showing a legitimate non-discriminatory reason for his termination and that Noland failed to establish that the reason was pretextual.  See FRD at 22.  Regarding Noland's retaliation claim based on race and religion, Judge Garcia found that Noland failed to make a prima-facie case of retaliation, because he did not show that he engaged in protected opposition to discrimination prohibited under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17.  See FRD at 24-25.  Judge Garcia also recommended dismissal of Noland's hostile work environment claim, stating that Noland failed to demonstrate an issue of fact whether he suffered harassment so pervasive and severe that it altered the terms, conditions, or privileges of his employment.  See FRD at 26.  Judge Garcia recommended that the Court grant summary judgment on Noland's disparate impact claim, stating that Noland did not present evidence

---

[3] In his Amended Complaint, Noland alleges that D. Sisneros, a correctional officer at the Bernalillo County Metropolitan Detention Center, told Noland that "he needed to know who runs the jail, and that his family Mike Sisneros and Ronald Torres are high-ranking officials at MDC." Amended Complaint ¶ 26, at 4-5.

that indicated African-American employees were impacted disproportionately to their numbers in the workforce.  See FRD at 26.  Judge Garcia also recommended that the Court grant summary judgment on Noland's equal-protection claim, stating that Noland did not show that he was intentionally treated different from similarly situated individuals and that the difference in treatment was objectively irrational.  See FRD at 27.  Judge Garcia furthermore stated that the Supreme Court of the United States recently made clear that the class-of-one theory of equal protection has no application in the public employment context.  See FRD at 27.  Finally, Judge Garcia found that, because Noland failed to demonstrate that any of the County Defendants violated his constitutional or statutory rights, he could not overcome the individual Defendants' assertion of entitlement to qualified immunity.  See FRD at 27.

The Court entered an Order Adopting Magistrate Judge's Findings and Recommended Disposition and Dismissing all Claims Against County Defendants on September 22, 2010. See Doc. 110.  The City Defendants did not file any dispositive motions, and Noland's claims against the City Defendants remain before the Court.

The Court held a pretrial conference on January 14, 2011.  At the pretrial conference, Michael Garcia, the City Defendants' attorney, stated that Judge Garcia's FRD dealt with every issue that Noland raises in his Amended Complaint and asked the Court's leave to file a dispositive motion.  See Transcript of Hearing at 3:3-6, 4:7-13 (taken January 14, 2011)(Garcia)("Tr.").[4]  The Court asked Mr. Garcia whether his argument would be based on issue preclusion, and Mr. Garcia responded that he would mostly base his argument on law of the case, but that, to a certain extent, he might base his argument on issue preclusion as well.  See Tr. at 25:18-24 (Court, Garcia).

---

[4] The Court's citations to the transcript refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Noland stated he opposed the City Defendants' request to dismiss his case, but would leave the determination whether the Court should grant leave to the Court's discretion. See Tr. at 4:19-25. The Court granted leave to the City Defendants to file a dispositive motion. See Clerk's Minutes at 1.

On January 18, 2011, the City Defendants filed their Motion to Dismiss or for Judgment on the Pleadings, and Memorandum in Support. See Doc. 117. The City Defendants moved the Court to dismiss Noland's claims against them under rule 12(b)(6) and rule 12(c) of the Federal Rules of Civil Procedure.[5]  The City Defendants contend that the Court's prior rulings on the facts and allegations in Noland's Amended Complaint preclude Noland "from further litigation because all the relevant law and facts have been decided against him." Motion at 3.  The City Defendants further state that "there remain no separate or different facts for [Noland] to assert against the City and the named individual defendants that have not already been decided against him," and that the

---

[5] To decide the City Defendants' Motion, the Court will use the legal standard for motions for summary judgment and not the standard for motions to dismiss. The face of Noland's Amended Complaint does not provide sufficient information from which the Court can determine whether it should dismiss the Amended Complaint on the grounds of issue preclusion, claim preclusion, or law of the case. The Court must consider its previous order granting summary judgment in favor of the County Defendants to determine whether issue preclusion, claim preclusion, or law of the case apply. "In considering a motion to dismiss pursuant to rule 12(b)(6), it is improper for the Court to consider materials from outside of the pleadings. To consider such evidence, the Court must convert the motion to dismiss into a motion for summary judgment." Lymon v. Aramark Corp., 728 F. Supp. 2d 1222, 1261(D.N.M. 2010)(citing Christensen v. Big Horn County Bd. of County Comm'rs, 374 F. App'x 821, 826 (10th Cir. 2010)(stating "the conversion process and notice requirement are not triggered by the mere presence of outside materials, but by the court's reliance on such materials -- which are inapposite to a proper Rule 12(b)(6) disposition.")).  Because the Court will consider its previous order to determine whether issue preclusion, claim preclusion, and law of the case apply, the Court will convert the motion to dismiss into a motion for summary judgment. The Court sent out a notice on January 24, 2011 -- before Noland responded to the motion -- informing the parties it would treat the motion as one for summary judgment.  This gave Noland ample opportunity to respond with matters outside the pleadings when he filed his response, which is due by the end of business of February 1, 2011.  See Tr. at 7:8-12 (Court).

Court should therefore dismiss the City Defendants.  Motion at 3.  The City Defendants contend that issue preclusion, claim preclusion, and law of the case bar Noland from litigating his claims against them.  See Motion at 3, 8.

Because Noland is proceeding pro se, and because of the difficult issues before the Court, the Court did not feel that it was necessary to wait for Noland's response before writing its Memorandum Opinion and Order.  The Court also began writing its Memorandum Opinion and Order before Noland filed his response to stay on track with the pace of this case, which is set for trial on February 7, 2011.

## LEGAL STANDARD FOR MOTIONS FOR SUMMARY JUDGMENT

Rule 56(c) states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case."  Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991)(internal quotation marks omitted).  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)("Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record], together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.")(internal quotation marks omitted).  Once the movant meets this burden, rule 56(e) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial.  See Celotex Corp. v. Catrett, 477 U.S. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir. 1993)("However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine

issue for trial as to those dispositive matters for which it carries the burden of proof.")(internal quotes omitted).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). Rule 56 provides that "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his pleadings." Anderson v. Liberty Lobby, Inc., 477 U.S. at 256. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir. 1990); Otteson v. United States, 622 F.2d 516, 519 (10th Cir. 1980)("However, 'once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried.'" (citation omitted)). Nor can a party "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." Colony Nat'l Ins. Co. v. Omer, No. 07-2123, 2008 WL 2309005, at *1 (D. Kan. June 2, 2008)(citing Fed. R. Civ. P. 56(e) and Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1199 (10th Cir. 2006)). "In responding to a motion for summary judgment, 'a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial.'" Colony Nat'l Ins. Co. v. Omer, 2008 WL 2309005, at *1 (quoting Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988)).

Genuine factual issues must exist that "can be resolved only by a finder of fact because they

may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. at 250. A mere "scintilla" of evidence will not avoid summary judgment. Vitkus v. Beatrice Co., 11 F.3d at 1539. Rather, there must be sufficient evidence on which the fact-finder could reasonably find for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 251 (quoting Schuylkill & Dauphin Improv. Co. v. Munson, 81 U.S. 442, 448 (1871)); Vitkus v. Beatrice Co., 11 F.3d at 1539. "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative, . . . summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. at 249 (internal citations omitted). Where a rational trier of fact, considering the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When reviewing a motion for summary judgment, the court should keep in mind three principles. First, the court's role is not to weigh the evidence, but to assess the threshold issue whether a genuine issue exists as to material facts requiring a trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 249. Second, the court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party. See Hunt v. Cromartie, 526 U.S. 541, 550-55 (1999). Third, the court cannot decide any issues of credibility. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.

## RELEVANT LAW REGARDING RULE 54(b)

As rule 54(b) of the Federal Rules of Civil Procedure states, a court's order or decision

that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Nevertheless, despite this general rule, the Court may order entry of judgment on a particular claim or claims if it "expressly determines that there is not just reason for delay." Fed. R. Civ. P. 54(b). A party can appeal the district court's order or decision if the court enters a rule 54(b) certification order, determining that its judgment is final and that no just reason for delay of its entry of judgment exists. See Stockman's Water Co., LLC v. Vaca Partners, L.P., 425 F.3d 1263, 1264 (10th Cir. 2005).

<u>**RELEVANT LAW REGARDING ISSUE PRECLUSION**</u>

"[I]ssue preclusion . . . refers 'to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided.'" Murdock v. Ute Indian Tribe of Uintah and Ouray Reservation, 975 F.2d 683, 687 (10th Cir. 1992)(citing Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 376 n.1 (1985))(footnote omitted). The United States Court of Appeals for the Tenth Circuit has stated that "a federal court examining a question of federal law upon which another federal court . . . has previously ruled . . . must rely on the federal law of [issue preclusion]." Murdock v. Ute Indian Tribe of Uintah and Ouray Reservation, 975 F.2d at 687 (citing Blonder-Tongue Lab., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 324 n. 12 (1971); Meza v. Gen. Battery Corp., 908 F.2d 1262, 1265 (5th Cir.1990); Fireman's Fund Ins. Co. v. Int'l Mar. Place, 773 F.2d 1068, 1069 (9th Cir.1985); Restatement (Second) of Judgments § 87, at 314 (1982)("Federal law determines the effects under the rules of [preclusion] of a judgment of a federal court"); 18 C. Wright & A. Miller, Federal Practice & Procedure: Jurisdiction § 4466 (1981 & Supp. 1992)).

In the Tenth Circuit, four elements must be met for issue preclusion to apply: (i) "the issue previously decided is identical with the one presented in the action in question;" (ii) "the prior action has been finally adjudicated on the merits;" (iii) "the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication;" and (iv) "the party against whom the

doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." Murdock v. Ute Indian Tribe of Uintah and Ouray Reservation, 975 F.2d at 687.

The Tenth Circuit has not addressed whether a summary judgment order dismissing fewer than all the claims or adjudicating the rights and liabilities of fewer than all the parties may serve as the basis for issue preclusion in subsequent litigation. The Court therefore considers what other federal courts have stated regarding the finality requirement for issue preclusion. Various federal courts have discussed the finality requirement for issue preclusion. See John Morrell & Co. v. Local Union 304A of United Food and Commercial Workers, AFL-CIO, 913 F.2d 544, 563 (8th Cir. 1990); Avondale Shipyards, Inc. v. Insured Lloyd's, 786 F.2d 1265, 1269 (5th Cir. 1986). Recently, several federal courts have stated that, for purposes of issue preclusion, finality in the sense of 28 U.S.C. § 1291 is not required. See Miller Brewing Co. v. Joseph Schlitz Brewing Co., 605 F.2d 990, 996 (7th Cir. 1979)("To be 'final' for purposes of [issue preclusion] the decision need only be immune, as a practical matter, to reversal or amendment. 'Finality' in the sense of 28 U.S.C. [§] 1291 is not required."); Lummus Co. v. Commonwealth Oil Refining Co., 297 F.2d 80, 89 (2d Cir. 1961)("'[F]inal' also is 'a word of many meanings[;]' the law of judgments does not use it in relation to conclusiveness, as 28 U.S.C. § 1291 does, to mean only a judgment 'which ends the litigation and leaves nothing for the court to do but execute the judgment[.]'" (internal citations omitted)); 18A C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure Jurisdiction § 4434 (2d. ed)("Recent decisions have relaxed traditional views of the finality requirement by applying issue preclusion to matters resolved by preliminary rulings or to determinations of liability that have not yet been completed by an award of damages or other relief."). But see Avondale Shipyards, Inc. v. Insured Lloyd's, 786 F.2d at 1269 (declining to "depart from [its] previously stated rule that an order granting partial summary judgment [on certain issues] 'has no [claim preclusion] or [issue

preclusion] effect.'").

The Restatement (Second) of Judgments reflects the trend that, for purposes of issue preclusion, finality in the sense of 28 U.S.C. § 1291 is not required. The Restatement (Second) of Judgments states: "The rules of [preclusion] are applicable only when a final judgment is rendered. However, for purposes of issue preclusion . . . , 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Restatement (Second) of Judgments § 13 (1982). It further states that a "more pliant view of finality . . . is appropriate with respect to issue preclusion." Restatement (Second) of Judgments § 13 cmt. b. Under comment g, labeled criteria for determining finality in the application of issue preclusion, the Restatement (Second) of Judgments states:

> Usually there is no occasion to interpret finality less strictly when the question is one of issue preclusion, that is, when the question is whether decision of a given issue in an action may be carried over to a second action in which it is again being litigated. . . . But to hold invariably that that kind of carry-over is not to be permitted until a final judgment in the strict sense has been reached in the first action can involve hardship -- either needless duplication of effort and expense in the second action to decide the same issue, or, alternatively, postponement of decision of the issue in the second action for a possibly lengthy period of time until the first action has gone to a complete finish. In particular circumstances the wisest course is to regard the prior decision of the issue as final for the purpose of issue preclusion without awaiting the end judgment. Before doing so, the court should determine that the decision to be carried over was adequately deliberated and firm, even if not final in the sense of forming a basis for a judgment already entered. Thus preclusion should be refused if the decision was avowedly tentative. On the other hand, that the parties were fully heard, that the court supported its decision with a reasoned opinion, that the decision was subject to appeal or was in fact reviewed on appeal, are factors supporting the conclusion that the decision is final for the purpose of preclusion. The test of finality, however, is whether the conclusion in question is procedurally definite and not whether the court might have had doubts in reaching the decision.

Restatement (Second) of Judgments § 13 cmt. g.

Based on the cases the Court has found, there appears to be a split among federal courts

whether a summary judgment order resolving fewer than all the claims is final for purposes of issue

preclusion.  In Avondale Shipyards, Inc. v. Insured Lloyd's, the United States Court of Appeals for

the Fifth Circuit "declined to depart from [its] previously stated rule that an order granting partial

summary judgment [on certain issues] 'has no [claim preclusion] or [issue preclusion] effect.'"

Avondale Shipyards, Inc. v. Insured Lloyd's, 786 F.2d at 1269 (citation omitted).  In analyzing

whether it should depart from its previously stated rule, the Fifth Circuit stated:

> We are aware of respected authority to the effect that for the purpose of issue
> preclusion . . . the degree of finality required respecting the prior adjudication may
> in many instances be less than is appropriate for claim preclusion . . . .  However,
> "[t]he most prominent [of these] decisions have involved issues that were resolved
> by appeal prior to final judgment in the first action."  Wright, Miller & Cooper,
> Federal Practice and Procedure: Jurisdiction § 4434 at 321.  See, e.g., Lummus Co.
> v. Commonwealth Oil Ref. Co., 297 F.2d 80, 87-90 (2d Cir. 1961), cert. denied, 368
> U.S. 986 . . . (1962); Zdanok v. Glidden Co., 327 F.2d 944, 955 (2d Cir.), cert.
> denied, 377 U.S. 934 . . . (1964); Miller Brewing Co. v. Jos. Schlitz Brewing Co.,
> 605 F.2d 990, 995-96 (7th Cir. 1979), cert. denied, 444 U.S. 1102 . . . (1980); Dyndul
> v. Dyndul, 620 F.2d 409, 411-12 (3d Cir. 1980)(appeal available but foregone).
> Lummus, generally viewed as the leading case in this area, expressly recognizes the
> importance of "the opportunity of review" of the prior decision. 297 F.2d at 89.
>
> We are not aware of any federal appellate decision which has applied
> preclusion to a prior nonfinal ruling as to which appellate review was unavailable,
> nor any which contradicts our above-cited opinions stating that partial summary
> judgment orders under Rule 56(d) are not preclusive.  Hence, even were we to follow
> Lummus, we would not extend it to such a situation.  We recognize that there is
> highly respected authority suggesting a contrary approach.  See Restatement
> (Second) Judgments § 13, illustration 2. The principal case relied on for this view is
> Sherman v. Jacobson, 247 F. Supp. 261, 268-69 (S.D.N.Y. 1965).
>
> We respectfully disagree with Sherman.  A recognized text states that "[t]here
> are some serious problems with" the broad Restatement formulation that the prior
> determination is issue preclusive if "sufficiently firm to be accorded conclusive
> effect," gives Sherman as an example, and observes that such an approach "seems
> calculated to create more problems than it would solve."   1B Moore's Federal
> Practice, ¶ 0.441[4] at 747.  While the Restatement and another respected text assert
> that the availability of appellate review is a significant consideration in determining
> whether an otherwise nonfinal prior order should be issue preclusive, the practical
> effect of Sherman seems to render appealability almost irrelevant.  It appears to us
> that under a Sherman-type approach, the result is either that nearly every

interlocutory ruling will be issue preclusive, or that it will be almost impossible to determine in advance which will be preclusive and which not. The former alternative renders the availability of appellate review virtually irrelevant; the latter undermines predictability and efficiency.  Further, issue preclusion is normally denied where the issue determined is not essential to the judgment (this is based both on a diminished confidence due to the lack of essentiality and on the unavailability of appellate review, see Restatement (Second) Judgments § 27, comments h & i; § 28, comment a).  Such denial is difficult to reconcile with the allowance of issue preclusion to rulings in a partial summary judgment order, as to which not only is appeal presently unavailable but it is also impossible to know whether appeal will ever be available and whether any issue thus ruled on will be essential to the judgment in the case.  Moreover, Sherman rests in part on the premise that availability of relief under Rule 60(b) with respect to judgments which are final in the usual sense renders them just as subject to revocation or modification by the court which rendered them as are orders under Rule 56(d). 247 F. Supp. at 269.  We have rejected this premise. Zimzores v. Veterans Administration, supra. See also Acha v. Beame, 570 F.2d 57, 63 (2nd Cir. 1978).

Avondale Shipyards, Inc. v. Insured Lloyd's, 786 F.2d at 1270-71 (footnotes omitted).[6]

---

[6] In Sherman v. Jacobson, the District Court for the Southern District of New York stated:

Although there is no question that a prerequisite for application of the doctrine of [issue preclusion] is a final judgment, Restatement, Judgments § 41 (1942), the concept of finality is not easily defined.  It is true that 'finality' has sometimes been equated with 'appealability' in the context of a particular case, e.g., United States v. Physic, 175 F.2d 338 (2d Cir. 1949); United States v. One 1946 Plymouth Sedan Automobile, 167 F.2d 3 (7th Cir. 1948); Restatement, Judgments § 41, comment a (1942).  However, 'final' in the [claim preclusion] or [issue preclusion] sense is not identical to 'final' in the rule governing the jurisdiction of appellate courts. Lummus Co. v. Commonwealth Oil Ref. Co., 297 F.2d 80, 89 (2d Cir. 1961), cert. denied, Dawson v. Lummus Co., 368 U.S. 986 . . . (1962). An examination of the policies underlying [claim preclusion] and [issue preclusion] and the requirement that judgments be 'final' to be appealable shows why this is so.

. . . .

Bearing this in mind, there must still be determined exactly what the requirement of finality entails in the [issue preclusion] context.  A judgment may be final, despite the fact that an appeal from it has not been decided, whether because the appeal is pending, United States v. Nysco Labs., Inc., 318 F.2d 817 (2d Cir. 1963) (per curiam), or the party has lost its right to appeal because of the circumstances of the case, United States v. Munsingwear, Inc., supra (case became moot), or the law does not provide for review, Johnson Co. v. Wharton, 152 U.S. 252

Several federal district courts have similarly found that a summary judgment order resolving fewer than all the claims in the case is not a final judgment and thus cannot serve a basis for issue preclusion.  See In re Loughery, No. 09-69033-PWB, 2010 WL 4642131, at *6, 8 (Bankr. N.D. Ga. Oct. 12, 2010)(concluding that the district court's order granting in part and denying in part summary judgment, which found the defendant liable under one of the plaintiff's claims, but not the plaintiffs' other claims, did not satisfy the finality requirement of issue preclusion, because, using the guidance in the Restatement(Second) of Judgments § 13 comment g, although the parties were heard and the district court supported its decision with a reasoned opinion, the order was not subject to appeal and was not reviewed on appeal -- it was interlocutory in nature, did not end the action and was subject to revision under rule 54(b) at any time before the entry of judgment); Am. Cas. Co. of Reading, Pa. v. Sentry Fed. Sav. Bank, 867 F. Supp. 50, 56 (D. Mass. 1994)(noting that the trend seems to be toward expanding the notion of finality for purposes of issue preclusion, but that most of the courts that have expanded the notion of finality have done so when there has been opportunity for appellate review, and declining to treat a partial summary judgment, resolving only one issue in the case, as final when "no final judgment [has been] entered and there has been no opportunity for appeal").

Other federal district courts, however, have found that a summary judgment order resolving

---

. . . (1894) (jurisdictional amount required for appeal not satisfied). The form of the adjudication is not decisive, 2 Freeman, Judgments § 666 (5th ed. 1925), nor is the label, such as 'interlocutory,' given the decision. Bee Mach. Co. v. Freeman, 131 F.2d 190 (1st Cir. 1942), aff'd, 319 U.S. 448 . . . (1943). The judgment may be final as to some matters, even though the litigation continues as to others, Restatement, Judgments § 41, comment c (1942), and the decision may have adjudicated liability only, leaving the assessment of damages in abeyance. Zdanok v. Glidden Co., 327 F.2d 944, 955 (2d Cir.), cert. denied, 377 U.S. 934 . . . (1964).

Sherman v. Jacobson, 247 F. Supp. at 268.

fewer than all the claims in the case is a final decision for purpose of issue preclusion. See Shakman v. Democratic Party Org. of Cook County, No. 03-C-4819, 2004 WL 407015, at *8 (N.D. Ill. Jan. 28, 2004)("[T]he partial summary judgment grant [on one of the plaintiffs' claims] is a final decision for purposes of issue preclusion." (citing Amcast Indus. Corp. v. Detrex Corp., 45 F.3d 155, 158 (7th Cir. 1995)("[A] good deal more latitude is allowed [regarding finality] when [issue preclusion] is invoked rather than [claim preclusion]."))); Gilldorn Savings Ass'n v. Commerce Savings Ass'n, 804 F.2d 390, 393 (7th Cir. 1979)); Siemens Med. Sys., Inc. v. Nuclear Cardiology Sys., Inc., 945 F. Supp. 1421, 1433 (D. Colo. 1996). In Siemens Medical Systems, Inc. v. Nuclear Cardiology Systems, Inc., the Honorable Lewis Babcock, United States District Judge, declined to follow Avondale Shipyards, Inc. v. Insured Lloyd's, in determining whether a prior summary judgment order granting summary judgment on one of the plaintiff's claims against the defendant, stating:

> I am not persuaded by the Fifth Circuit's reasoning, at least as it applies here. Although Rule 54(b) provides that an order that is not explicitly made final is subject to later revision, it would be pedantic to contend that all interlocutory orders are therefore "tentative" in any real sense. It presupposes that a party will move for reconsideration of the order and that the court would grant it. Significantly, where, as here, a party has settled and dismissed the case with prejudice, Fed.R.Civ.P. 54(b) no longer applies, and whatever orders have been entered into the case are frozen, not subject to reconsideration.
>
> In addition, the Fifth Circuit has recently recognized an inconsistency in its own decisions. Jury verdicts, like partial summary judgment orders, are subject to revision under Fed.R.Civ.P. 54(b) until they are entered as final. The Fifth Circuit, however, gives preclusive effect to such nonfinal jury verdicts. RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1295 (5th Cir. 1995). The court has recognized this incongruity but has not yet addressed it. Marine Shale Processors, Inc. v. United States Environmental Protection Agency, 81 F.3d 1371, 1380 n. 2 (5th Cir. 1996).
>
> Further, the Fifth Circuit's rationale ignores other policy concerns. If a partial summary judgment is never to have preclusive effect, a party involved in a series of suits against different litigants will have the option to avoid preclusive effects in future suits simply by settling the current suit whenever an unfavorable summary

judgment order is issued.  This would be directly contrary to the goal of judicial economy that [issue preclusion] is designed to promote.  <u>Parklane</u>,  439 U.S. at 326, 99 S.Ct. at 649.  So long as it would not be inequitable to do so, it makes inimitable sense to preserve and use whatever firm judicial decisions have been made previously on a particular issue.  To accomplish that, however, the power to determine the preclusive effect of judgments must not be left in the hands of parties who are interested in avoiding such effects.

<u>Siemens Med. Sys., Inc. v. Nuclear Cardiology Sys., Inc.</u>, 945 F. Supp. 1421 (D. Colo. 1996).

## <u>RELEVANT LAW REGARDING CLAIM PRECLUSION</u>

"The preclusive effect of a federal-court judgment is determined by federal common law." <u>Taylor v. Sturgell</u>, 553 U.S. 880, 891 (2008)(citation omitted).  "For judgments in federal-question cases . . . federal courts participate in developing 'uniform federal rule[s]' of [claim preclusion] . . . ." <u>Taylor v. Sturgell</u>, 553 U.S. at 891 (citation omitted).  "Under [claim preclusion], 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" <u>SIL-FLO, Inc. v. SFHC, Inc.</u>, 917 F.2d 1507, 1520 (10th Cir. 1990)(citing <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980)).  "Under Tenth Circuit law, claim preclusion applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." <u>Pelt v. Utah</u>, 539 F.3d 1271, 1281 (10th Cir. 2008)(citing <u>MACTEC Inc. v. Gorelick</u>, 427 F.3d 821, 831 (10th Cir. 2005)).

"[I]t is familiar law that only a final judgment [has claim preclusive effect] as between the parties." <u>G. & C. Merriam Co. v. Saalfield</u>, 241 U.S. 22, 28 (1916).  Because the Tenth Circuit has not discussed in extended detail the finality requirement for claim preclusion under federal law, the Court will consider case law from other jurisdictions, and treaties.  As the <u>Restatement (Second) Judgments</u> states: "The rules of [claim preclusion] are applicable only when a final judgment is rendered." <u>Restatement (Second) Judgments</u> § 13.  It further states:

-17-

Thus when [claim preclusion] is in question a judgment will ordinarily be considered final in respect to a claim (or a separable part of a claim, see Comment e below) if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court, short of any steps by way of execution or enforcement that may be consequent upon the particular kind of adjudication.

Restatement (Second) Judgments § 13 cmt. b.  Comment e states:

A judgment may be final in a [claim preclusion] sense as to a part of an action although the litigation continues as to the rest.  Thus in a bankruptcy or receivership proceeding the claim of a particular creditor may be finally adjudicated although the proceeding is not closed.  So also in an action in which the plaintiff has joined a number of claims against the defendant, the rules of practice -- for example, Rule 54(b) of the Federal Rules of Civil Procedure -- may permit entry of judgment on particular claims as they are adjudicated, with the action continuing as to the remaining claims.

Restatement (Second) Judgments § 13 cmt. e.

The Court has found several cases in which federal courts have found that a summary judgment order resolving fewer than all the claims in the case is final for purposes of claim preclusion.  See Shakman v. Democratic Party Organization of Cook County, 2004 WL 407015, at *6 (following Alexander v. Chicago Park District, 773 F.2d 850 (7th Cir. 1985), where the United States Court of Appeals for the Seventh Circuit stated that a summary judgment order on one of the plaintiffs' claims was sufficiently final for claim preclusion purposes even if not appealable, but recognizing that later cases have cast doubt on this holding); Tate v. Showboat Marina Casino P'ship, 250 F. Supp. 2d 958, 960 (N.D. Ill. 2003)(finding that, under Alexander v. Chicago Park Dist., a summary judgment order resolving some of the plaintiffs' claims is sufficiently final for purposes of claim preclusion); Pantoja v. Scott, No. 96 CIV 8593, 2001 WL 1313358, at *6 (S.D.N.Y. Oct. 26, 2001)(finding that a state court's summary judgment order resolving some of the plaintiff's claims constituted a final judgment for claim preclusion purposes).  See also In re Phillips, 124 B.R. 712, 721 (Bankr. W.D. Tex. 1991)(stating that "[p]artial summary judgments are given no

[claim preclusion] effect because they do not finally dispose of all issues[;] [h]owever, in this case, the district court's judgment did dispose of all the issues and all the parties," and therefore finding that the district court's summary judgment order "became a final judgment, and, in the absence of an appeal, is binding on all parties" (internal citation omitted)).

Several federal courts have found that a summary judgment order resolving only liability or only some of the issues in the case has no claim preclusion effect. See Norritech v. Geonex Corp., 204 B.R. 684, 689 (Bankr. D. Md. 1997)("Because partial summary judgment on liability only lacks finality it has no preclusive effect."); Avondale Shipyards, Inc. v. Insured Lloyd's, 786 F.2d at 1272 (declining to depart from the Fifth Circuit's previously stated rule "that an order granting summary judgment 'has no [claim preclusion] or [issue preclusion] effect'" (citation omitted)).

Although the Tenth Circuit has not extensively addressed the finality requirement for purposes of claim preclusion under federal law, it has discussed the finality requirement for purposes of claim preclusion under Oklahoma and Colorado law. In Brady v. UBS Financial Services, Inc., 538 F.3d 1319, 1327 (10th Cir. 2008), the Tenth Circuit found that, because interlocutory orders are "subject to alteration or modification by the trial court before entry of final judgment determining all the issues raised by a claim, [they] . . . have no binding [claim preclusion] effect" under Oklahoma law. Brady v. UBS Fin. Servs., Inc., 538 F.3d at 1327 (citation omitted)(alteration in original). See Knox By and Through Hagberg v. Lederle Labs., a Div. of Am. Cyanamid Co., 4 F.3d 875, 880 (10th Cir. 1993)(interpreting Colorado law of claim preclusion and stating that, "[s]ince Wyeth seeks to invoke claim preclusion, its lack of a final judgment is conclusive").

## RELEVANT LAW REGARDING LAW OF THE CASE

"Under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" Poche v.

Joubran, 389 F. App'x 768, 774 (10th Cir. 2010)(quoting Dobbs v. Anthem, 600 F.3d 1275, 1279 (10th Cir. 2010)). The Tenth Circuit has "acknowledged, however, that 'the rule [of law of the case] is a flexible one that allows courts to depart from erroneous prior rulings, as the underlying policy of the rule is one of efficiency, not restraint of judicial power.'" Been v. O.K. Indus., Inc., 495 F.3d 1217, 1225 (10th Cir. 2007)(citing Prairie Band Potawatomi Ntn. v. Wagnon, 476 F.3d 818, 823 (10th Cir. 2007)(internal citation omitted)). The Tenth Circuit has stated that this flexibility means "the doctrine is merely a 'presumption, one whose strength varies with the circumstances.'" Been v. O.K. Indus., Inc., 495 F.3d at 1225 (citing Avitia v. Metro. Club of Chicago, Inc., 49 F.3d 1219, 1227 (7th Cir. 1995); Homans v. City of Albuquerque, 366 F.3d 900, 904 (10th Cir. 2004)("[T]he doctrine is discretionary rather than mandatory."). "If the original ruling was issued by a higher court, a district court should depart from the ruling only in exceptionally narrow circumstances." Been v. O.K. Indus., Inc., 495 F.3d at 1225 (citing McIlravy v. Kerr-McGee Coal Corp., 204 F.3d 1031, 1035 (10th Cir. 2000)).

Only "final judgments may qualify as law of the case." Poche v. Joubran, 389 F. App'x at 774 (quoting Unioil, Inc. v. Elledge (In re Unioil, Inc.), 962 F.2d 988, 993 (10th Cir. 1992)). The doctrine is inapplicable where "a ruling remains subject to reconsideration." Wallace v. United States, 372 F. App'x 826, 828 (10th Cir. 2010)(quoting In re Unioil, Inc., 962 F.2d at 993; other citations omitted). This means that "district courts generally remain free to reconsider their earlier interlocutory orders." Been v. O.K. Indus., Inc., 495 F.3d at 1225 (citing Harlow v. Children's Hosp., 432 F.3d 50, 55 (1st Cir. 2005); United States v. Smith, 389 F.3d 944, 949 (9th Cir. 2004)(explaining that a district court may review its prior rulings so long as it retains jurisdiction over the case)).

Similarly, this Court has stated that "[l]aw of the case is a doctrine that binds the trial court

after an appeal." <u>Lane v. Page</u>, 727 F. Supp. 2d 1214, 1230 (D.N.M. 2010)(citation omitted).  In

<u>Clark v. State Farm Mutual Automobile Insurance Co.</u>, 590 F.3d 1134 (10th Cir. 2009), the Tenth

Circuit stated:

> Under the law of the case doctrine, a legal decision made at one stage of litigation,
> unchallenged in a subsequent appeal when the opportunity to do so existed, becomes
> the law of the case for future stages of the same litigation, and the parties are deemed
> to have waived the right to challenge that decision at a later time.

590 F.3d at 1140.

## ANALYSIS

Because the Court finds that its previous grant of summary judgment in favor of the County

Defendants is not final for purposes of issue preclusion or claim preclusion, the Court finds that

neither issue preclusion nor claim preclusion bar Noland from litigating his claims against the City

Defendants.  The Court also finds that law of the case is not implicated at this time, because the

Court's prior grant of summary judgment remains open to reconsideration.  The Court therefore

finds that law of the case does not bar Noland from litigating his claims against the City Defendants.

## I.     ISSUE PRECLUSION DOES NOT BAR NOLAND FROM LITIGATING HIS CLAIMS AGAINST THE CITY DEFENDANTS.

The Court finds that issue preclusion does not bar Noland from litigating his claims against

the City Defendants, because its grant of summary judgment on Noland's claims against the County

Defendants is not a final adjudication for purposes of issue preclusion, and because the Court

believes that preclusion should not apply within the framework of a continuing action before it.

In the Tenth Circuit, four elements must be met for issue preclusion to apply: (i) "the issue

previously decided is identical with the one presented in the action in question;" (ii) "the prior action

has been finally adjudicated on the merits;" (iii) "the party against whom the doctrine is invoked was

a party or in privity with a party to the prior adjudication;" and (iv) "the party against whom the

doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." Murdock v. Ute Indian Tribe of Uintah and Ouray Reservation, 975 F.2d at 687.

The Court finds that its issuance of summary judgment, dismissing Noland's claims against the County Defendants, does not satisfy the finality requirement for issue preclusion. Although the Tenth Circuit has not discussed the finality requirement of issue preclusion, various federal courts have. See John Morrell & Co. v. Local Union 304A of United Food and Commercial Workers, AFL-CIO, 913 F.2d at 563; Avondale Shipyards, Inc. v. Insured Lloyd's, 786 F.2d at 1269. Recently, federal courts have held that, for purposes of issue preclusion, finality in the sense of 28 U.S.C. § 1291 is not required, thereby relaxing the traditional view of the finality requirement. See Miller Brewing Co. v. Joseph Schlitz Brewing Co., 605 F.2d at 996 ("To be 'final' for purposes of [issue preclusion] the decision need only be immune, as a practical matter, to reversal or amendment. 'Finality' in the sense of 28 U.S.C. [§] 1291 is not required."); Lummus Co. v. Commonwealth Oil Refining Co., 297 F.2d at 89 ("'[F]inal' also is 'a word of many meanings[;]' the law of judgments does not use it in relation to conclusiveness, as 28 U.S.C. § 1291 does, to mean only a judgment 'which ends the litigation and leaves nothing for the court to do but execute the judgment[.]'" (internal citations omitted)); C. Wright, A. Miller & E. Cooper, supra § 4434. But see Avondale Shipyards, Inc. v. Insured Lloyd's, 786 F.2d at 1269 (declining "to depart from [its] previously stated rule that an order granting partial summary judgment [on several issues] 'has no [claim preclusion] or [issue preclusion] effect.'").

The Restatement (Second) of Judgments reflects this trend that, for purposes of issue preclusion, finality in the sense of 28 U.S.C. § 1291 is not required. The Restatement (Second) of Judgments states: "The rules of [preclusion] are applicable only when a final judgment is rendered. However, for purposes of issue preclusion . . . , 'final judgment' includes any prior adjudication of

an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."

Restatement (Second) of Judgments § 13.  The Restatement (Second) of Judgments further states

that a "more pliant view of finality . . . is appropriate with respect to issue preclusion."  Restatement

(Second) of Judgments § 13 cmt. b.  The Restatement (Second) of Judgments has set forth criteria

for determining finality in the application of issue preclusion.  It states:

> Usually there is no occasion to interpret finality less strictly when the question is one
> of issue preclusion, that is, when the question is whether decision of a given issue in
> an action may be carried over to a second action in which it is again being
> litigated. . . .  But to hold invariably that that kind of carry-over is not to be permitted
> until a final judgment in the strict sense has been reached in the first action can
> involve hardship -- either needless duplication of effort and expense in the second
> action to decide the same issue, or, alternatively, postponement of decision of the
> issue in the second action for a possibly lengthy period of time until the first action
> has gone to a complete finish. In particular circumstances the wisest course is to
> regard the prior decision of the issue as final for the purpose of issue preclusion
> without awaiting the end judgment.  Before doing so, the court should determine that
> the decision to be carried over was adequately deliberated and firm, even if not final
> in the sense of forming a basis for a judgment already entered.  Thus preclusion
> should be refused if the decision was avowedly tentative.  On the other hand, that the
> parties were fully heard, that the court supported its decision with a reasoned
> opinion, that the decision was subject to appeal or was in fact reviewed on appeal,
> are factors supporting the conclusion that the decision is final for the purpose of
> preclusion.  The test of finality, however, is whether the conclusion in question is
> procedurally definite and not whether the court might have had doubts in reaching
> the decision.

Restatement (Second) of Judgments § 13 cmt. g.  Simply stated, under the Restatement (Second)

of Judgments, courts should consider whether the parties were fully heard, whether the court

supported its decision with a reasoned opinion, and whether the decision was subject to appeal or

was in fact reviewed on appeal in determining whether the decision is final for purposes of issue

preclusion.

Federal courts have split regarding whether a summary judgment order resolving fewer than

all the claims is final for purposes of issue preclusion is final for purposes of issue preclusion.  In

Avondale Shipyards, Inc. v. Insured Lloyd's, the Fifth Circuit "declined to depart from [its] previously stated rule that an order granting . . . summary judgment [one several issues in the case] 'has no [claim preclusion] or [issue preclusion] effect.'"   Avondale Shipyards, Inc. v. Insured Lloyd's, 786 F.2d at 1269 (citation omitted).   In analyzing whether it should depart from its previously stated rule, the Fifth Circuit stated:

> We are aware of respected authority to the effect that for the purpose of issue preclusion . . . the degree of finality required respecting the prior adjudication may in many instances be less than is appropriate for claim preclusion . . . . However, "[t]he most prominent [of these] decisions have involved issues that were resolved by appeal prior to final judgment in the first action."  Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4434 at 321. See, e.g., Lummus Co. v. Commonwealth Oil Ref. Co., 297 F.2d 80, 87-90 (2d Cir. 1961), cert. denied, 368 U.S. 986 . . . (1962); Zdanok v. Glidden Co., 327 F.2d 944, 955 (2d Cir.), cert. denied, 377 U.S. 934 . . . (1964); Miller Brewing Co. v. Jos. Schlitz Brewing Co., 605 F.2d 990, 995-96 (7th Cir. 1979), cert. denied, 444 U.S. 1102 . . . (1980); Dyndul v. Dyndul, 620 F.2d 409, 411-12 (3d Cir. 1980)(appeal available but foregone). Lummus, generally viewed as the leading case in this area, expressly recognizes the importance of "the opportunity of review" of the prior decision. 297 F.2d at 89.

> We are not aware of any federal appellate decision which has applied preclusion to a prior nonfinal ruling as to which appellate review was unavailable, nor any which contradicts our above-cited opinions stating that partial summary judgment orders under Rule 56(d) are not preclusive.  Hence, even were we to follow Lummus, we would not extend it to such a situation.  We recognize that there is highly respected authority suggesting a contrary approach.  See Restatement (Second) Judgments § 13, illustration 2. The principal case relied on for this view is Sherman v. Jacobson, 247 F. Supp. 261, 268-69 (S.D.N.Y. 1965).

> We respectfully disagree with Sherman.  A recognized text states that "[t]here are some serious problems with" the broad Restatement formulation that the prior determination is issue preclusive if "sufficiently firm to be accorded conclusive effect," gives Sherman as an example, and observes that such an approach "seems calculated to create more problems than it would solve."  1B Moore's Federal Practice, ¶ 0.441[4] at 747.  While the Restatement and another respected text assert that the availability of appellate review is a significant consideration in determining whether an otherwise nonfinal prior order should be issue preclusive, the practical effect of Sherman seems to render appealability almost irrelevant.  It appears to us that under a Sherman-type approach, the result is either that nearly every interlocutory ruling will be issue preclusive, or that it will be almost impossible to determine in advance which will be preclusive and which not. The former alternative

renders the availability of appellate review virtually irrelevant; the latter undermines predictability and efficiency.  Further, issue preclusion is normally denied where the issue determined is not essential to the judgment (this is based both on a diminished confidence due to the lack of essentiality and on the unavailability of appellate review, see Restatement (Second) Judgments § 27, comments h & i; § 28, comment a).  Such denial is difficult to reconcile with the allowance of issue preclusion to rulings in a partial summary judgment order, as to which not only is appeal presently unavailable but it is also impossible to know whether appeal will ever be available and whether any issue thus ruled on will be essential to the judgment in the case.  Moreover, Sherman rests in part on the premise that availability of relief under Rule 60(b) with respect to judgments which are final in the usual sense renders them just as subject to revocation or modification by the court which rendered them as are orders under Rule 56(d). 247 F. Supp. at 269.  We have rejected this premise. Zimzores v. Veterans Administration, supra. See also Acha v. Beame, 570 F.2d 57, 63 (2nd Cir. 1978).

Avondale Shipyards, Inc. v. Insured Lloyd's, 786 F.2d at 1270-71 (footnotes omitted).  The Court finds that the Fifth Circuit's analysis in Avondale Shipyards, Inc. v. Insured Lloyd's is powerful.  Although the trend is to expand the traditional rule, the Court is reluctant to follow the trend of expansion enthusiastically.  The Court agrees with the statement in Avondale Shipyards, Inc. v. Insured Lloyd's that the broad formulation of the finality requirement seems calculated to create more problems that it solves.[7]  The traditional rules provides predictability and stability, giving

---

[7] The Court recognizes that Moore's Federal Practice's position, on which the Fifth Circuit relied, appears to have changed over the years to reflect the trend.  Moore's Federal Practice states:

> The question of whether a judgment that is not final within the meaning of section 1291 ought nevertheless to be considered final in the sense of precluding further litigation of the same issue, turns on such factors as the nature of the decision (i.e., that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review.  The mere fact that the damages awarded to the plaintiff have not been yet calculated, though normally precluding an immediate appeal, does not prevent use of a final ruling on liability as issue preclusion.  In the context of a declaratory judgment action, once the trial court has ruled on all the issues submitted to it, either granting or denying declaratory relief, the decision should be considered final for issue-preclusion purposes.

18 Moore's Federal Practice: Civil § 132.03, [5][b][i].  The Court, however, continues to believe that the broad formulation of the finality requirement appears to create more problems than it solves.

parties clear notice when a ruling may be preclusive; flexibility may be good for the courts and certain parties, but it is a trap for the unwary. The Court is concerned that district courts will use the broad formulation of the finality requirement to avoid deciding cases on the merits. In contrast, the rule set forth in Avondale Shipyards, Inc. v. Insured Lloyd's provides predictability and certainty, because it does not rely on a case-by-case analysis. Under the traditional formulation of the finality requirement articulated in Avondale Shipyards, Inc. v. Insured Lloyd's, where the Fifth Circuit declined to apply issue preclusion to a prior nonfinal ruling as to which appellate review was unavailable, the Court's order dismissing Noland's claims against the County Defendants would certainly not be sufficiently final for issue preclusion purposes, because its order was not final and was not subject to appellate review. See Fed. R. Civ. P. 54(b). Although the Court believes that there are good reasons, such as predictability and certainty, to follow the traditional rule of finality for purposes of issue preclusion, it need not decide whether to adopt the Avondale Shipyards, Inc. v. Insured Lloyd's application, because it finds that, even under the broad formulation of the finality requirement, its prior order is not sufficiently final for purposes of issue preclusion.

Several federal district courts have, using the broad formulation of the finality requirement, found that a summary judgment order resolving fewer than all the claims is a final decision for purposes of issue preclusion. In Shakman v. Democratic Party Organization of Cook County, the United States District Court for the Northern District of Illinois stated: "[T]he partial summary judgment [order, granting summary judgment on one of the plaintiffs' claims] is a final decision for purposes of issue preclusion." 2004 WL 407015, at *8 (citation omitted). The district court did not analyze contrary authority before making this statement, and its sole support of its statement were citations to two cases from the Seventh Circuit. See 2004 WL 407015, at *8 (citing Amcast Indus. Corp. v. Detrex Corp., 45 F.3d 155, 158 (7th Cir. 1995)("[A] good deal more latitude is allowed

[regarding finality] when [issue preclusion] is invoked rather than [claim preclusion].");  Gilldorn

Savings Ass'n v. Commerce Savings Ass'n, 804 F.2d 390, 393 (7th Cir. 1979)).  The Court does not

find this blanket statement that a summary judgment order, granting summary judgment on one of

a plaintiff's claims, is final for purposes of issue preclusion overly persuasive, given the lack of

analysis and discussion.  In Siemens Med. Systems, Inc. v. Nuclear Cardiology Systems, Inc., the

District of Colorado conducted a thorough analysis why it found that, under federal law, issue

preclusion could be based on an order summary judgment, granting summary judgment in favor of

the plaintiff on one of its claims, in certain circumstances.  See 945 F. Supp. at 1438-39.  The district

court declined to follow Avondale Shipyards, Inc. v. Insured Lloyd's, stating:

> I am not persuaded by the Fifth Circuit's reasoning, at least as it applies here.
> Although Rule 54(b) provides that an order that is not explicitly made final is subject
> to later revision, it would be pedantic to contend that all interlocutory orders are
> therefore "tentative" in any real sense.  It presupposes that a party will move for
> reconsideration of the order and that the court will grant it.  Significantly, where,
> as here, a party has settled and dismissed the case with prejudice, Fed.R.Civ.P. 54(b)
> no longer applies, and whatever orders have been entered into the case are frozen,
> not subject to reconsideration.
>
> In addition, the Fifth Circuit has recently recognized an inconsistency in its
> own decisions.  Jury verdicts, like partial summary judgment orders, are subject to
> revision under Fed.R.Civ.P. 54(b) until they are entered as final.  The Fifth Circuit,
> however, gives preclusive effect to such nonfinal jury verdicts.  RecoverEdge L.P.
> v. Pentecost, 44 F.3d 1284, 1295 (5th Cir. 1995).  The court has recognized this
> incongruity but has not yet addressed it.  Marine Shale Processors, Inc. v. United
> States Environmental Protection Agency, 81 F.3d 1371, 1380 n. 2 (5th Cir. 1996).
>
> Further, the Fifth Circuit's rationale ignores other policy concerns.  If a partial
> summary judgment is never to have preclusive effect, a party involved in a series of
> suits against different litigants will have the option to avoid preclusive effects in
> future suits simply by settling the current suit whenever an unfavorable summary
> judgment order is issued.  This would be directly contrary to the goal of judicial
> economy that [issue preclusion] is designed to promote.  Parklane, 439 U.S. at 326,
> 99 S.Ct. at 649.  So long as it would not be inequitable to do so, it makes inimitable
> sense to preserve and use whatever firm judicial decisions have been made
> previously on a particular issue.  To accomplish that, however, the power to
> determine the preclusive effect of judgments must not be left in the hands of parties

who are interested in avoiding such effects.

Siemens Med. Systems, Inc. v. Nuclear Cardiology Systems, Inc., 945 F. Supp. at 1435. The District of Colorado distinguished Avondale Shipyards, Inc. v. Insured Lloyd's primarily based on the unique circumstances before the district court. The district court stated that it did not believe that all interlocutory orders not made final under rule 54(b) should be considered tentative, because that would ignore that fact that, in some cases, such as a situation before it, where the parties have settled and dismissed the case with prejudice, reconsideration of the order is highly unlikely. In this matter, the Court's issuance of summary judgment did "not end the action as to any of the claims or parties and may be reversed at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Court did not make the decision final under rule 54(b). Unlike Siemens Med. Systems, Inc. v. Nuclear Cardiology Systems, Inc., where the district court stated that rule 54(b) no longer applied, because, pursuant to a stipulation, the previous court had dismissed the case with prejudice, meaning that the orders were not subject to reconsideration, in this case, rule 54(b) is still applicable. Although it is not likely that the Court will reconsider its issuance of summary judgment, the Court's order is subject to reconsideration under rule 54(b) until the Court enters judgment adjudicating all the claims and all the parties' rights and liabilities.[8] Furthermore, the district court Siemens Med. Systems, Inc. v.

---

[8] The district court in Siemens Med. Systems, Inc. v. Nuclear Cardiology Systems, Inc. also referenced the tension in Fifth Circuit precedent in its decision. In Marine Shale Processors, Inc. v. United States Environmental Protection Agency, 81 F.3d 1371 (5th Cir. 1996), the Fifth Circuit recognized that there was

> tension between the dictum in RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1295 (5th Cir.1995), which suggests that jury findings are sufficient to support [issue preclusion] even if the verdict has not yet resulted in a final judgment, and the holding of Avondale Shipyards, Inc. v. Insured Lloyd's, 786 F.2d 1265, 1272 (5th Cir.1986), which suggests that partial summary judgments are insufficient.

Nuclear Cardiology Systems, Inc. relied on public policy to find that the prior summary judgment

Marine Shale Processors, Inc. v. United States Environmental Protection Agency, 81 F.3d at 1380 n.2.  The Fifth Circuit further stated:

> Even when, as here, a trial judge has rejected a motion for a judgment as a matter of law seeking to upset the jury's findings, Rule 54(b) provides that this rejection is itself subject to revision at any time before final judgment.  We thus have some difficulty justifying a rule, if in fact it exists in this circuit, allowing issue preclusion to attach to jury verdicts but not to summary judgments, when neither has been incorporated into a final judgment.  We do not seek to resolve this tension in this case.

Marine Shale Processors, Inc. v. United States Environmental Protection Agency, 81 F.3d at 1380 n.2.  In RecoverEdge L.P. v. Pentecost, 44 F.3d 1284 (5th Cir. 1995), the Fifth Circuit stated:

> At oral argument, RecoverEdge also argued that [issue preclusion] does not apply to this case because there was no final judgment in the conspiracy case.  This argument is legally and factually inaccurate.  RecoverEdge's predecessor, the RTC, successfully moved the court to accept the jury's verdict and later to enter final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  Furthermore, a final judgment is not a prerequisite for issue preclusion when a jury has rendered a conclusive verdict.  See Restatement (Second) of Judgments § 13 (1982) ("The rules of [preclusion] are applicable only when a final judgment is rendered. However, for purposes of issue preclusion, . . . 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."); see also id. § 13 cmt. g, illus. 3 (illustrating that jury verdict rendered before entry of final judgment is conclusive for purposes of issue preclusion); see also Davenport v. DeRobertis, 844 F.2d 1310, 1313-14 (7th Cir.), cert. denied, 488 U.S. 908 . . . (1988) (noting that the "jury's verdict would bind the judge under the doctrine of [issue preclusion] (thus demonstrating that the doctrine does not require a final judgment in the conventional sense).").

RecoverEdge L.P. Pentecost, 44 F.3d at 1295.  The trend is to relax the traditional view of the finality requirement in issue preclusion, and courts increasingly use a case-by-case analysis.  There is tension in Fifth Circuit precedent, because the Fifth Circuit in Avondale Shipyards, Inc. v. v. Insured Lloyd's seems to suggest that all interlocutory orders have no preclusive effect, which conflicts with the recent trend.  Because the Court believes that the tension results from the apparent implication in Avondale Shipyards, Inc. v. Insured Lloyd's that all interlocutory orders have no preclusive effect, regardless of the circumstances of the case, and because the Court need not, in this case, go so far as to state that all interlocutory orders have no preclusive effect in its Memorandum Opinion and Order to deny preclusive effect to its prior summary judgment order, the Court is not persuaded that this tension in the Fifth Circuit dictates that it find that its summary judgment order in this case is final for purposes of issue preclusion.

order was final for purposes of issue preclusion, stating that a party seeking to avoid preclusive effect should not have the power to determine the preclusive effect of the order.  Because these public policy concerns are decision-specific, the Court finds that Siemens Med. Systems, Inc. v. Nuclear Cardiology Systems, Inc. is distinguishable.  This case does not present a situation where public policy weighs in favor of the application of issue preclusion, unlike the situation in Siemens Med. Systems, Inc. v. Nuclear Cardiology Systems, Inc., where the district court found that it would be contrary to the goal of judicial economy, which issue preclusion is designed to promote, if a party involved in a series of suits against different litigants who was on the losing end of a prior summary judgment order, resolving one of the plaintiff's claims, could settle to avoid preclusive effects in future suits.  In this matter, although the County Defendants chose to move for summary judgment, and were successful, the City Defendants chose to not file a dispositive motion.  Allowing this summary judgment order to be preclusive would support sideline sitting and would encourage parties to not actively litigate.  The Court believes that these effects would be contrary to the purposes of issue preclusion, which seeks to prevent relitigation of the same issue.  Cf. Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 331 (1979)("The general rule should be that in cases where a plaintiff could easily have joined in the earlier action . . . a trial judge should not allow the use of offensive collateral estoppel.").  The Court therefore finds Siemens Med. Systems, Inc. v. Nuclear Cardiology Systems, Inc. distinguishable.

Several federal district courts have, using the broad formulation of the finality requirement, found that a summary judgment order resolving fewer than all the claims does not satisfy the finality requirement for purposes of issue preclusion.  See In re Loughery, 2010 WL 4642131, at *6; Am. Cas. Co. of Reading, Pa. v. Sentry Fed. Sav. Bank, 867 F. Supp. at 56.  Similarly, using the guidance set forth in case law and in the Restatement (Second) of Judgments, the Court believes that its prior

summary judgment order in this case does not satisfy the finality requirement and therefore cannot

serve as a basis for issue preclusion. The Restatement (Second) of Judgments recognizes that,

"[u]sually, there is no occasion to interpret finality less strictly when the question is one of issue

preclusion," but "[i]n particular circumstances," such as where hardship absent a finding that the

summary judgment is final or where waiting for a final judgment would requiring waiting for a

lengthy period of time, "the wisest course is to regard the prior decision . . . as final for the purpose

of issue preclusion without awaiting the end judgment." Restatement (Second) of Judgments § 13

cmt. g. The Court does not believe that this matter presents circumstances that indicate that the

wisest course is to find that the grant of summary judgment on Noland's claims against the County

Defendants satisfies the finality requirement; instead, the Court believes that this matter falls into

the general set of circumstances where there is no occasion to interpret the finality requirement less

strictly. An attorney entered a Notice of Appearance on behalf of the City Defendants on November

16, 2008. See Doc. 41. The City Defendants then filed an answer to Noland's Amended Complaint.

See Defendants Tipton, Crutchfield, Wickam, and City of Albuquerque's Answer to Amended

Complaint for Violations of Civil Rights, filed November 18, 2008 (Doc. 42). Although the County

Defendants filed a motion for summary judgment on May 26, 2010, the City Defendants chose not

to file a motion for summary judgment. The Court granted summary judgment, dismissing Noland's

claims against the County Defendants on September 22, 2010. See Order Adopting Magistrate

Judge's Findings and Recommended Disposition and Dismissing all Claims Against County

Defendants, filed September 22, 2010 (Doc. 110). Approximately four months later, at the pretrial

conference, the City Defendants argued that issue preclusion barred Noland from litigating his

claims against them. The Defendants do not face hardship in litigating Noland's claims, as litigation

is the course of action they chose by not filing dispositive motions. Furthermore, waiting for final

judgment will not require waiting a lengthy period of time, as a trial which will dispose of the remaining claims in the case is set for February 7, 2011. The Court therefore finds that these circumstances do not indicate that the wisest course is to regard its prior summary judgment order as final for purposes of issue preclusion.

The Restatement (Second) of Judgments sets forth several factors for determining whether a court should consider an order final for purposes of issue preclusion. Federal courts have cited and applied these factors in determining whether orders satisfy the finality requirement. These factors are: (i) whether the parties were fully heard; (ii) whether the court supported its decision in a reasoned opinion; and (iii) whether the decision was subject to appeal or was in fact reviewed on appeal. See Restatement (Second) of Judgments § 13 cmt. g. Although the Court fully heard, through briefing, the parties' arguments on the motion for summary judgment and issued a reasoned opinion detailing its reasons for granting summary judgment on Noland's claims against the County Defendants, the Court's order was not subject to appeal and was not reviewed on appeal. The summary judgment "adjudicate[d] fewer than all the claims or the rights and liabilities of fewer than all the parties," and therefore did "not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Court's order was therefore interlocutory and was not appealable. Courts have placed weight on the factor whether the order was subject to appeal or reviewed on appeal. See Avondale Shipyards, Inc. v. Insured Lloyd's, 786 F.2d at 1270 ("We are not aware of any federal appellate decision which has applied preclusion to a prior nonfinal ruling as to which appellate review was unavailable . . . ."); Am. Cas. Co. of Reading, Pa v. Sentry Fed. Sav. Bank, 867 F. Supp. at 56 (recognizing that the trend seems to be toward expanding the notion of finality for purpose of issue preclusion, but that most courts that have expanded the notion of

-32-

finality when there has been opportunity for appellate review, and declining to treat a summary judgment order resolving one issue as final when there was no opportunity to appeal). Because its order granting summary judgment is not appealable, and is subject to modification under rule 54(b), the Court finds that its order granting summary judgment is not procedurally definite as defined in the Restatement (Second) of Judgments. See Restatement (Second) of Judgments § 13 comment g ("The test of finality . . . is whether the conclusion in question is procedurally definite . . . ."). Although the Court is unlikely to revisit its summary judgment order in this case, all in all, the Court finds that its summary judgment order, dismissing Noland's claims against the County Defendants, was not final for purposes of issue preclusion. See In re Loughery, 2010 WL 4642131, at *6, 8 (concluding that the district court's summary judgment order, resolving some, but not all, of the plaintiffs' claims, did not satisfy the finality requirement of issue preclusion, because, using the guidance in the Restatement (Second) of Judgments § 13 comment g, although the parties were heard and the district court supported its decision with a reasoned opinion, the order was not subject to appeal and was not reviewed on appeal -- it was interlocutory in nature, did not end the action and was subject to revision under rule 54(b) at any time before the entry of judgment). Because Tenth Circuit law requires a final adjudication on the merits for issue preclusion to apply, see Murdock v. Ute Indian Tribe of Uintah and Ouray Reservation, 975 F.2d at 687, and because the Court has found that its summary judgment order was not final for purposes of issue preclusion, the Court finds that issue preclusion does not bar Noland from litigating his claims against the City Defendants.

The Court recognizes that most of the cases it found dealt with prior summary judgment orders that resolved fewer than all the claims in the case and not prior summary judgment orders that dismissed all of a plaintiff's claims against one of the defendants. The Court believes that there is

a stronger argument that a prior order should have preclusive effect when the order dismisses all the plaintiff's claims against one of the parties than when the prior order dismisses some of the plaintiff's claims against either one party or multiple parties.  When a prior order dismisses all of the plaintiff's claims against one party, absent a motion to reconsider, the litigation between the two parties is effectively concluded, whereas when a court grants summary judgment on some of the plaintiff's claims, litigation is not effectively concluded, because the plaintiff's other claims continue.  The Court, however, is not convinced that the differences between an adjudication of fewer than all the claims or an adjudication of the rights and liabilities of fewer than all the parties require it to find that its prior summary judgment order is preclusive.  Like an order adjudicating fewer than all the claims, the Court's order dismissing Noland's claims against the County Defendants was not appealable and was subject to modification.  Furthermore, Noland filed his Response to the County Defendants' motion pro se, outside of the 14-day period allowed for responses, and did not specifically controvert the County Defendants' proposed undisputed facts. Although Judge Garcia and the Court considered both parties' briefing in ruling on the County Defendants' motion, this situation is not one akin to a situation in which the Court has fully heard the arguments as a result of the briefing set forth by experienced attorneys.  Noland also was not on notice from well established law that any failure to fully defend against the County Defendants' motion might preclude his claims against the City Defendants.  Because the Court believes that the situation before it is analogous to the situations addressed in case law and in treaties where preclusive effect has been appropriately declined, and because of the other considerations the Court has mentioned, the Court does not believe it should preclude Noland from litigating his claims against the City Defendants under the doctrine of issue preclusion.

Furthermore, the Court believes that issue preclusion should not bar Noland from litigating

his claims against the City Defendants, because this matter presents a situation different from the situations in which courts usually determine whether issue preclusion is appropriate, where a party is attempting to cut off a litigant's right to press the same issue in a <u>subsequent</u> lawsuit.  <u>See</u>, <u>e.g.</u>, <u>In re Scrivner</u>, 535 F.3d 1258, 1266 (10th Cir. 2008)("The doctrine of issue preclusion 'comes into play when an issue involved in a prior decision is the same issue involved in a s<u>ubsequent</u> action.'" (citation omitted)(emphasis added)).  In this matter, a party is attempting to use the Court's previous ruling in <u>the same lawsuit</u> to assert issue preclusion.  The Court does not believe that it should allow a party to use a previous ruling issued in the same action to assert issue preclusion.  <u>See</u> 18A C. Wright, A. Miller & E. Cooper, <u>Federal Practice & Procedure Jurisdiction</u> § 4434 (2d ed. 1984)("Preclusion should not apply within the framework of a continuing action.").  <u>Cf.</u> <u>Williams v. C.I.R.</u>, 1 F.3d 502, 504 (7th Cir. 1993)("There is no basis for using . . . [issue preclusion] to prevent a judge from reconsidering an earlier ruling in the same, ongoing case.").  The Court therefore finds that issue preclusion does not bar Noland from litigating his claims against the City Defendants.

## II.   CLAIM PRECLUSION DOES NOT BAR NOLAND'S CLAIMS AGAINST THE CITY DEFENDANTS.

The Court finds that claim preclusion does not bar Noland from litigating his claims against the City Defendants, because its grant of summary judgment on Noland's claims against the County Defendants is not a final adjudication for purposes of claim preclusion, and because the Court believes that preclusion should not apply within the framework of a continuing action before it.

"Under [claim preclusion], 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" <u>SIL-FLO, Inc. v. SFHC, Inc.</u>, 917 F.2d at 1520 (citing <u>Allen v. McCurry</u>, 449 U.S. at 94).  "Under

Tenth Circuit law, claim preclusion applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." Pelt v. Utah, 539 F.3d at 1281 (citing MACTEC Inc. v. Gorelick, 427 F.3d at 831).

Because the Tenth Circuit has not discussed in extended detail the finality requirement for claim preclusion in the context of federal law, the Court will consider case law from other jurisdictions, and treaties. As the Restatement (Second) Judgments states: "The rules of [preclusion] are applicable only when a final judgment is rendered." Restatement (Second) Judgments § 13. It further states:

> Thus when [claim preclusion] is in question a judgment will ordinarily be considered final in respect to a claim (or a separable part of a claim, see Comment e below) if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court, short of any steps by way of execution or enforcement that may be consequent upon the particular kind of adjudication.

Restatement (Second) Judgments § 13 cmt. b.

> A judgment may be final in a [claim preclusion] sense as to a part of an action although the litigation continues as to the rest. Thus in a bankruptcy or receivership proceeding the claim of a particular creditor may be finally adjudicated although the proceeding is not closed. So also in an action in which the plaintiff has joined a number of claims against the defendant, the rules of practice -- for example, Rule 54(b) of the Federal Rules of Civil Procedure -- may permit entry of judgment on particular claims as they are adjudicated, with the action continuing as to the remaining claims.

Restatement (Second) Judgments § 13 cmt. e.

Using the principles set forth in the Second (Restatement) of Judgements and case law, the Court believes that it should find that its summary judgment order in this case does not have claim preclusion effect. Recently, several federal courts have recognized that the final judgment requirement is more relaxed for purposes of issue preclusion than for claim preclusion. See Matter

of Lockard, 884 F.2d 1171, 1175 (9th Cir. 1989); Miller Brewing Co. v. Joseph Schlitz Brewing Co., 605 F.2d at 996; Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc., 575 F.2d 530, 538 n.1 (5th Cir. 1978); Eason v. Linden Avoinics, Inc., 706 F. Supp. 311, 317 (D.N.J. 1989). Because the Court did not find its prior order sufficiently final for purposes of issue preclusion, it would be antithetical to find its prior order sufficiently final for purposes of issue preclusion. Professors Wright and Miller have stated: "It is often assumed that traditional views will persist as to claim preclusion. This assumption is strongly supported by important differences in the probable reasons for pressing ahead with the second action before an honestly final judgment in the first." 18A C. Wright, A. Miller & E. Cooper, supra § 4434.

> It has been seen that the basic reason for expanding finality with respect to issue preclusion lies in the desire to try the second action before the first action can be concluded on all issues. As to claim preclusion, there are few cases in which cogent reasons can be found for proceeding to a second trial on a claim that has reached any measure of final disposition in a prior action. Even if there is a close relationship between the potentially precluded claim and other claims that clearly remain to be tried in the second action, further pursuit of the claim ordinarily should be limited to the first court.

18A C. Wright, A. Miller & E. Cooper, supra § 4434. The Court therefore believes it should use the traditional view as to finality for purposes of claim preclusion. "[I]t is familiar law that only a final judgment [has claim preclusive effect] as between the parties." G. & C. Merriam Co. v. Saalfield, 241 U.S. 22, 28 (1916). The Court has not yet entered a judgment adjudicating all the claims and all the parties' rights and liabilities. Although a "need to achieve finality as to a particular matter can be served by entry of final judgment under Civil Rule 54(b)," 18A C. Wright, A. Miller. & E. Cooper, supra § 4433, the Court did not enter a final judgment under rule 54(b) in this matter. No one requested certification, and with trial imminent, there will not be a long delay before the entire case is wrapped up. There is no reason to plague the Tenth Circuit with piecemeal

review.  The Court therefore finds that its summary judgment order, dismissing Noland's claims against the County Defendants, lacks finality for purposes of claim preclusion.  See  Avondale Shipyards, Inc. v. Insured Lloyd's, 786 F.2d at 1272 (declining to depart from the Fifth Circuit's previously stated rule "that an order granting summary judgment 'has no [claim preclusion] or [issue preclusion] effect'" (citation omitted)); Norritech v. Geonex Corp., 204 B.R. at 689 ("Because partial summary judgment on liability only lacks finality it has no preclusive effect.").  Cf. Knox By and Through Hagberg v. Lederle Labs., a Div. of Am. Cyanamid Co., 4 F.3d at 880 (interpreting Colorado law of claim preclusion and stating that, "[s]ince Wyeth seeks to invoke claim preclusion, its lack of a final judgment is conclusive"); Brady v. UBS Fin. Servs., Inc., 538 F.3d at 1327 (stating that, because interlocutory orders are "subject to alteration or modification by the trial court before entry of final judgment determining all the issues raised by a claim, [they] . . . have no binding [claim preclusion] effect" under Oklahoma law)(citation omitted)(alteration in original).  Because claim preclusion is not appropriate if there is not a final judgment on the merits, the Court finds that claim preclusion does not prevent Noland from litigating his claims against the City Defendants. See MACTEC, Inc. v. Gorelick, 427 F.3d at 831.

The Court has found several cases in which federal courts have found that a summary judgment order resolving fewer than all the claims in the case is final for purposes of claim preclusion.  See Shakman v. Democratic Party Org. of Cook County, 2004 WL 407015, at *6 (following Alexander v. Chicago Park District, where the Seventh Circuit stated that a summary judgment order, granting summary judgment on one of the plaintiffs' claims, was sufficiently final for claim preclusion purposes even if not appealable, but recognizing later cases have cast doubt on this holding); Tate v. Showboat Marina Casino P'ship, 250 F. Supp. 2d at 960 (finding that, under Alexander v. Chicago Park District, a partial summary judgment order, resolving some of the

plaintiff's claims, is sufficiently final for purposes of claim preclusion); Pantoja v. Scott, 2001 WL 1313358, at *6 (stating that a state court's summary judgment order, resolving some of the plaintiffs' claims, constitutes a "final" judgment for claim preclusion purposes).  See also In re Phillips, 124 B.R. at 721 (stating that "[p]artial summary judgments are given no [claim preclusion] effect because they do not finally dispose of all issues[;] [h]owever, in this case, the district court's judgment did dispose of all the issues and all the parties," and therefore finding that the district court's summary judgment order "became a final judgment, and, in the absence of an appeal, is binding on all parties").

The Court is not convinced that it should follow these cases.  Shakman v. Democratic Party Organization of Cook County and Tate v. Showboat Marina Casino Partnership both follow Alexander v. Chicago Park, which relied on cases dealing with issue preclusion in finding that the district court's order, which did not technically comply with rule 54(b), was sufficiently final, even if it was not appealable.  A recent case from the Seventh Circuit has discussed possible flaws in the Seventh Circuit's analysis in Alexander v. Chicago Park.  In EEOC v. Harris Chernin, Inc., 10 F.3d 1286 (7th Cir. 1993), the Seventh Circuit stated:

> In passing, we observe that a Seventh Circuit opinion says that an order in which there was "less than technical compliance," with Rule 54(b) "was sufficiently final for [claim preclusion] purposes even if not appealable."  Alexander v. Chicago Park Dist., 773 F.2d 850, 855 (7th Cir. 1985), cert. denied, 475 U.S. 1095 . . . (1986). Although Alexander was dealing with claim preclusion and not issue preclusion (773 F.2d at 853, n. 1), the cases cited in support of its statement dealt with issue preclusion rather than claim preclusion.  It did not cite Miller Brewing Co. v. Jos. Schlitz Brewing Co., 605 F.2d 990, 996 (7th Cir. 1979), cert. denied, 444 U.S. 1102 . . . (1980), which holds that a relaxed concept of finality is acceptable for issue preclusion, and clearly implies that it is not acceptable for claim preclusion.  We leave it to a panel in some future case to deal with the tension between these Seventh Circuit opinions.

EEOC v. Harris Chernin, Inc., 10 F.3d at 1290 n.5.  Because the Seventh Circuit has recognized that

-39-

Alexander v. Chicago Park District is in tension with other case law, and because the Seventh

Circuit in Alexander v. Chicago Park District relied on issue preclusion cases for its discussion of

the finality requirement for purposes of claim preclusion, the Court finds that the district court cases

following Alexander v. Chicago Park District are not persuasive.  The Court also finds that Pantoja

v. Scott is distinguishable.  In Pantoja v. Scott, the United States District Court for the Southern

District of New York relied on other district court cases from New York to find that a state court's

summary judgment order, resolving some of the plaintiff's claims, was a final judgment for claim

preclusion purposes.  See 2001 WL 1313358, at *6.  The Court discussed how, in New York, parties

have an appeal as of right to the Appellate Division of a grant of partial summary judgment, which

is unlike parties' rights under the Federal Rules of Civil Procedure.  See 2001 WL 1313358, at *6.[9]

---

[9] Similarly, rule 54B of the New Mexico Rules of Civil Procedure for District Courts differs
from rule 54(b) of the Federal Rules of Civil Procedure.  Rule 54B of the New Mexico Rules of
Civil Procedure states:

> (1) Except as provided in Subparagraph (2) of this paragraph, when more than one
> claim for relief is presented in an action, whether as a claim, counterclaim,
> cross-claim or third-party claim, the court may enter a final judgment as to one or
> more but fewer than all of the claims only upon an express determination that there
> is no just reason for delay.  In the absence of such determination, any order or other
> form of decision, however designated, which adjudicates fewer than all the claims
> shall not terminate the action as to any of the claims and the order or other form of
> decision is subject to revision at any time before the entry of judgment adjudicating
> all the claims.
>
> (2) When multiple parties are involved, judgment may be entered adjudicating all
> issues as to one or more, but fewer than all parties.  Such judgment shall be a final
> one unless the court, in its discretion, expressly provides otherwise and a provision
> to that effect is contained in the judgment.  If such provision is made, then the
> judgment shall not terminate the action as to such party and shall be subject to
> revision at any time before the entry of judgment adjudicating all claims and the
> rights and liabilities of all the parties.

Rule 1-054B NMRA.  The federal rule allows a district court to certify a partial summary judgment
dismissing claims or issues, when the state rule provides for certification when the order dismisses

Finally, the Court also finds that In re Phillips is distinguishable.  In In re Phillips the United States Bankruptcy Court for the Western District of Texas recognized that partial summary judgments do not have claim preclusion effect because they do not finally dispose of all issues, but found that, in the matter before it, the order was a final judgment, because the district court's summary judgment order did dispose of all issues and parties.  See 124 B.R. at 721.  That situation is distinguishable, because, in this matter, the Court's order did not dispose of all issues or parties.  For these reasons, the Court finds that these decisions are not persuasive or are distinguishable from the matter before it.

Furthermore, the Court does not believe that claim preclusion should bar Noland from litigating his claims against the City Defendants, because this matter presents a situation different from the situations in which courts usually determine whether claim preclusion is appropriate, where one party seeks to prevent another party from relitigating a legal claim upon which a court issued "a final judgment on the merits in an earlier action."  "  MACTEC, Inc. v. Gorelick, 427 F.3d at 831. In this matter, a party is attempting to use the Court's previous ruling  in the same action to assert claim preclusion.  The Court does not believe that it should allow a party to use a previous ruling issued in the same matter to assert claim preclusion.  See  18A C. Wright, A. Miller & E. Cooper, supra § 4434 ("Preclusion should not apply within the framework of a continuing action.").  Cf. Williams v. C.I.R., 1 F.3d at 504 ("There is no basis for using [claim preclusion] . . . to prevent a judge from reconsidering an earlier ruling in the same, ongoing case.").  It seems that summary

---

parties.  In any case, the varying rules for when a person can appeal suggests that similar rulings in different courts may have different preclusive effect, increasing the pitfalls litigants may face and adding to the uncertainty of when preclusion will apply.  Parties may not resist another party's motion for partial summary judgment for various strategic reasons, only to learn later it was the ball game and they did not play very hard in the game.

judgment is a better route than preclusion, with each claim and party stating on its own merits.  The Court is reluctant to avoid its duty to decide each claim against each party in a case by using claim preclusion in the same case.  The Court therefore finds that claim preclusion does not bar Noland from litigating his claims against the City Defendants.

## III.   LAW OF THE CASE DOES NOT BAR NOLAND'S CLAIMS AGAINST THE CITY DEFENDANTS.

The Court finds that law of the case is not implicated at this time, because the Court's summary judgment order remains open to reconsideration.  While it is unlikely -- with Noland not asking for reconsideration -- it will do so, the Court does not believe law of the case is applicable here, when there has been no appeal.  The Court therefore  finds that law of the case does not bar Noland from litigating his claims against the City Defendants.

"Under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" Poche v. Joubran, 389 F. App'x at 774 (quoting Dobbs v. Anthem, 600 F.3d at 1279).  Only "final judgments may qualify as law of the case," Poche v. Joubran, 389 F. App'x at  774 (quoting In re Unioil, Inc., 962 F.2d at 993).  The doctrine is inapplicable where "a ruling remains subject to reconsideration." Wallace v. United States, 372 F. App'x at 828 (quoting In re Unioil, Inc., 962 F.2d at 993; other citations omitted).  This principle means that "district courts generally remain free to reconsider their earlier interlocutory orders."   Been v. O.K. Indus., Inc., 495 F.3d at 1225 (citing Harlow v. Children's Hosp., 432 F.3d at 55; United States v. Smith, 389 F.3d at 949 (explaining that a district court may review its prior rulings so long as it retains jurisdiction over the case)).

The Court's grant of summary judgment "adjudicate[d] fewer than all the claims or the rights and liabilities of fewer than all the parties."  Fed. R. Civ. P. 54(b).  The order therefore did not end

the action "as to any of the claims or parties and [the Court may revise the order] at any time before

the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.

R. Civ. P. 54(b). The Court finds that, because the Court's grant summary judgment order remains

open to consideration, the law of the case doctrine is not implicated. See Been v. O.K. Indus., Inc.,

495 F.3d at 1225 ("On the other hand, district courts generally remain free to reconsider their earlier

interlocutory orders."); Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994)("Interlocutory

orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do

not constitute the law of the case." (citing Union Mut. Life Ins. Co. v. Chrysler Corp., 793 F.2d 1,

15 (1st Cir. 1986); 1B J. Moore et al., Moore's Federal Practice ¶ 0.404[4.1], at 124 n.4 ("[U]ntil

entry of judgment, [interlocutory orders] remain subject to change at any time. The doctrine of law

of the case does not limit the power of the court in this respect.")(2d ed. 1993)). As the Ninth

Circuit stated in United States v. Smith:

> The legal effect of the doctrine of the law of the case depends upon whether the
> earlier ruling was made by a trial court or an appellate court. All rulings of a trial
> court are subject to revision at any time before the entry of judgment. A trial court
> may not, however, reconsider a question decided by an appellate court.

389 F.3d at 949 (citation omitted)(emphasis in original)). The Court has not found any cases which

suggest that the expansive definition of finality for purposes of issue preclusion is implicated in the

law of the case. The Court therefore finds that law of the case does not bar Noland from litigating

his claims against the City Defendants. While its earlier summary judgment might have been highly

persuasive if the City Defendants had moved for summary judgment, the Court does not believe it

would or should have been bound by its prior ruling if Noland had been more persuasive in

defending against the County Defendants' summary judgment motion.

In sum, the Court believes the more appropriate route, at least in this case, was for the City

Defendants to comply with the scheduling deadline and file its own motion for summary judgment, rather than trying to use a prior ruling in this action to preclude Noland from pursuing his claims against them.  While the Court need not find that a prior summary judgment order, dismissing part of the plaintiff's claims or a party, can never be preclusive, the Court is reluctant to find its prior summary judgment order preclusive in this case.  Noland may not have defended fully against the County Defendants' motion for summary judgment for a variety of reasons.  Noland, especially as a pro se litigant, was not on notice from well established law that a failure to fully defend against the County Defendants' motion could preclude him from litigating his claims against the City Defendants.  It appears that, instead of finding that a prior order from a lawsuit should preclude further litigation in the same lawsuit, the general rule should be that a court deal with each claim and party on its merits, rather than employing claim preclusion, issue preclusion, or law of the case to avoid its responsibility to deal with each case on its merits.

**IT IS ORDERED** that the Motion to Dismiss or for Judgment on the Pleadings by Defendants City of Albuquerque, Harry Tipton, Donald Crutchfield and Ernest Wickham, and Memorandum in Support, filed January 18, 2011 (Doc. 117) is denied.


_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

James S. Noland
Corrales, New Mexico

  *Plaintiff pro se*

Marcus J. Rael, Jr.
Erika E. Anderson
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

  *Attorneys for Defendants Bernalillo County Board of Commissioners, Bernalillo County Metropolitan Detention Center, Mike Sisneros, Ronald Torres, Henry Perea, Matt Candelaria, Juan Chacon, Matt Elwell, Paul Salcido, Erin Worsham, Danny Sisneros, and Jose Hernandez*

Michael I. Garcia
Albuquerque City Attorneys Office
Albuquerque, New Mexico

  *Attorneys for Defendants City of Albuquerque, Harry Tipton, Donald Crutchfield, and Ernest Wickam*