# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES S. NOLAND,

    Plaintiff,

vs.                                                    No. CIV 08-0056 JB/LFG

CITY OF ALBUQUERQUE; BERNALILLO COUNTY BOARD OF COMMISSIONERS; BERNALILLO COUNTY METROPOLITAN DETENTION CENTER; Bernalillo County Metropolitan Detention Center Administrator HARRY TIPTON, in his individual and official capacities; Bernalillo County Metropolitan Detention Center Administrator MIKE SISNEROS, in his individual and official capacities; Bernalillo County Metropolitan Detention Center Administrator RONALD TORRES, in his individual and official capacities; Bernalillo County Metropolitan Detention Center Administrator HENRY PEREA, in his individual and official capacities; Bernalillo County Metropolitan Detention Center Administrator DONALD CRUTCHFIELD, in his individual and official capacities; Bernalillo County Metropolitan Detention Center Administrator MATT CANDELARIA, in his individual and official capacities; Bernalillo County Metropolitan Detention Center Administrator JUAN CHACON, in his individual and official capacities; Bernalillo County Metropolitan Detention Center Administrator MATT ELWELL, in his individual and official capacities; Bernalillo County Metropolitan Detention Center Administrator PAUL SALCIDO, in his individual and official capacities; Bernalillo County Metropolitan Detention Center Administrator ERIN WORSHAM, in her individual and official capacities; Bernalillo County Metropolitan Detention Center Correctional Officer DANNY SISNEROS, in his individual and official capacities; Bernalillo County Metropolitan Detention Center Correctional Officer ERNEST WICKHAM, in his individual and official capacities; Bernalillo County Metropolitan Detention Center Correctional Officer JOSE HERNANDEZ, in his individual and official capacities,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendants' Motion in Limine by Defendants City of Albuquerque, Harry Tipton, Donald Crutchfield and Ernest Wickam, and Memorandum in Support, filed March 16, 2011 (Doc. 139). The Court held a hearing on March 25, 2011. The primary issues are: (i) whether the Court should exclude evidence relating to Plaintiff James S. Noland's claims of retaliation or discrimination based on preferential treatment towards the Sisneros family; (ii) whether the Court should exclude evidence relating to racial and religious epithets and comments that Noland's coworkers and Defendant Ernest Wickam allegedly used or made; and (iii) whether the Court should exclude evidence regarding the alleged disparate impact that the Bernalillo County Metropolitan Detention Center's termination of several employees had when the County of Bernalillo assumed management of the detention center from the City of Albuquerque. The Court will not exclude the evidence regarding nepotism, because even though nepotism cannot support a cause of action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17, or under 42 U.S.C. § 1983, it remains relevant in this action to show racial discrimination and perhaps other causes of action. The Court will not exclude the evidence regarding racial or religious epithets or comments, because this evidence is relevant in this action, and its probative value is not substantially outweighed by danger of unfair prejudice, confusion of the issues, or misleading the jury. The Court also will not exclude the evidence regarding the alleged disparate impact, because this evidence is relevant, and its probative value is not substantially outweighed by danger of unfair prejudice, confusion of the issues, or misleading the jury.

**PROCEDURAL BACKGROUND**

Noland filed his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on January 15, 2008.

See Doc. 1.  On March 31, 2008, Noland filed his Amended Civil Rights Complaint.  See Doc. 4 ("Amended Complaint").  In his Amended Complaint, Noland alleges claims of discrimination based on his race and ethnicity, discrimination based on his religious affiliation, harassment, threats, and intimidation, retaliation or reprisal, equal protection, due process, and wrongful termination.  See Amended Complaint at 4.  The remaining Defendants are the City of Albuquerque, Harry Tipton, Donald Crutchfield, and Ernest Wickam (hereinafter "the City Defendants").  Order Adopting Magistrate Judge's Findings and Recommended Disposition and Dismissing All Claims Against County Defendants, filed September 22, 2010 (Doc. 110)("September 22, 2010 Order").

On March 16, 2011, the City Dependants filed the Motion in Limine by Defendants City of Albuquerque, Harry Tipton, Donald Crutchfield and Ernest Wickham, and Memorandum in Support.  See Doc. 139.  In the Motion, the City Defendants moved the Court, pursuant to rules 401 and 403 of the Federal Rules of Evidence, to limit the testimony and documentary evidence that Noland may present at trial.  The City Defendants argue that the evidence they seek to exclude is irrelevant and creates the danger of confusion of the issues, misleading the jury, waste of time, and unfair prejudice.  Before filing the Motion, the City Defendants contacted Noland and determined that Noland opposes this Motion.  In their Motion, the City Defendants seek to exclude evidence regarding alleged nepotism at the detention center, evidence of racial and religious epithets and comments, and evidence regarding the alleged disparate impact that the Bernalillo County's termination of several detention center employees had.

On March 28, 2011, Noland filed the Plaintiff [sic] Response to Defendats [sic], City of Albuquerque, Harry Tipton, Donald Crutchfield and Ernest Wickham Memorandum in Support of There [sic] Motion in Limine.  See Doc. 146 ("Response").  In his Response, Noland appears to respond only to the City Defendants' arguments regarding the evidence of nepotism.  Noland states:

"Nepotism isn't the focus of the law suit, but the background of the facility, can be described as embedded with nepotistic [sic] practices, that allowed Mr. Noland to [be] set up and framed with lie[s] and deceit and harassed and retaliated against." Response at 3.

## RELEVANT LAW REGARDING RULES OF EVIDENCE

The rules of evidence contemplate the admission of relevant evidence, and the exclusion of irrelevant and unduly prejudicial evidence. See Fed. R. Evid. 401, 402, and 403. Under the Federal Rules of Evidence, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

## ANALYSIS

The Court will not exclude the evidence regarding nepotism, because it remains relevant in this action. The Court will not exclude the evidence regarding racial or religious epithets or comments, because this evidence is relevant in this action, and the danger of unfair prejudice, confusion of the issues, or misleading the jury, does not substantially outweigh the probative value. The Court also will not exclude the evidence regarding the alleged disparate impact, because this evidence is relevant, and the danger of unfair prejudice, confusion of the issues, or misleading the jury does not substantially outweigh its probative value.

**I.     THE COURT WILL NOT EXCLUDE THE EVIDENCE REGARDING NEPOTISM.**

The City Defendants contend that Noland cannot state a claim under Title VII for retaliation

or discrimination based on the preferential treatment that the Sisneros family received.[1]  The City Defendants state that the Court should not allow evidence on this issue, because it would not be relevant to any cause of action, would confuse the issues, and would possibly mislead the jury. Noland argues that, although nepotism is not the focus of the lawsuit, the detention center may be described as being embedded with practices based on nepotism, and that these practices allowed employees at the detention center to discriminate and retaliate against Noland.

Noland cannot state a claim under Title VII for nepotism.  As the Honorable Lorenzo F. Garcia, United States Magistrate Judge, previously recognized in this case, "nepotism, even unfair nepotism, does not raise an inference of pretext or racial discrimination. . . . Title VII only prohibits discrimination on the basis of certain, invidious factors.  Employers are free to terminate at-will employees for any other reason . . . -- so long as it is not unlawful."  Magistrate Judge's Findings and Recommended Disposition at 18, filed July 12, 2010 (Doc. 103)("PFRD").  Noland did not object to this legal conclusion.  The Court adopted this PFRD as its own.  See September 22, 2010 Order at 2.  In Neal v. Roche, 349 F.3d 1246 (10th Cir. 2003), the United States Court of Appeals for the Tenth Circuit referred to the "'friendship' and 'nepotism' cases," noting:

> These cases hold that an employer's actions based on loyalty to a friend or relative . . . are not considered "discriminatory," even where they benefit the nonprotected friend or relative at the expense of a more qualified, protected person. *See, e.g.*, . . . Foster v. Dalton, 71 F.3d 52, 54, 56 (1st Cir. 1995) (upholding, against Title VII challenge, supervisor's decision to alter job description to favor his "fishing buddy" over generally more qualified black female applicant, because "Title VII does not outlaw cronyism") . . . .

349 F.3d at 1251.  Indeed, the Tenth Circuit continued, employers are free to use whatever criteria

---

[1] In his Amended Complaint, Noland alleges that Danny Sisneros, a correctional officer at the Bernalillo County Metropolitan Detention Center, told Noland that "he needed to know who runs the jail, and that his family Mike Sisneros and Ronald Torres are high-ranking officials at MDC." Amended Complaint ¶ 26, at 4-5.

they want in hiring or firing, even criteria that are "unfair" or reprehensible, so long as they are not discriminatory. Personal or political favoritism, even a grudge, may account for an employment decision without giving rise to a discrimination case. See 349 F.2d at 1252. Because Noland cannot state a claim under Title VII for nepotism, this evidence must be relevant to one of Noland's other claims.

Noland has stated claims for: (i) discrimination on the basis of race and/or ethnicity in violation of the Fourteenth Amendment to the United States Constitution; (ii) racial and/or ethnic discrimination in violation of Title VII; (iii) religious discrimination in violation of the Fourteenth Amendment ; (iv) religious discrimination in violation of Title VII; (v) hostile work environment because of race in violation of the Fourteenth Amendment; (vi) hostile work environment because of race in violation of Title VII; (vii) hostile work environment because of religion in violation of the Fourteenth Amendment; (viii) hostile work environment because of religion in violation of Title VII; (ix) due-process violation under the United States Constitution; and (x) retaliation in violation of Title VII. Noland's evidence relating to nepotism at the detention center relates to evidence of a Hispanic family's preference for their family members. Noland is African-American. If the Sisneros family are all Hispanics, and Noland is not Hispanic, this evidence, may, with other evidence show racism. This evidence may thus tend to make Noland's theory of racial discrimination more probable. See Holder v. City of Raleigh, 867 F.2d 823, 827 (4th Cir. 1989)("A clannish preference for relatives may also be intertwined with racial stereotypes to such an extent that an intent to discriminate on the basis of race could be inferred." (citing Domingo v. New England Fish Co., 727 F.2d 1429, 1436 (9th Cir. 1984)). The evidence relating to nepotism may also make Noland's theories regarding due process or retaliation more or less likely. Because this evidence may have some tendency to make the existence of any fact of consequence to the

determination of this action more or less probable the evidence is relevant.  The Court will not exclude this evidence under rule 403.  The Court believes that, with the proper jury instructions, this evidence will not mislead or confuse the jury.  The prejudice of this evidence is minimal, and does not substantially outweigh its probative value.  The Court thus will not exclude this evidence pretrial.

## II.     THE COURT WILL NOT EXCLUDE EVIDENCE REGARDING EPITHETS OR COMMENTS RELATING TO RACE AND RELIGION.

The City Defendants argue that the Court should exclude evidence that some of Noland's coworkers at times used the word "nigger," because Noland could not identify any particular employee who used the term.  They argue that the Court should exclude evidence regarding Wickham's racial jokes or the inquiries Candelaria, one of the detention center's administrators, made about Ramadan and Muslim matters, because the County of Bernalillo terminated Noland because he engaged in a confrontation with another employee, not for retaliatory or discriminatory reasons.  The City Defendants further argue that the City of Albuquerque still employs Noland.  The City Defendants argue that this evidence is thus irrelevant, and if admitted, would confuse or mislead the jury, or prejudice the Defendants.

The Court will not exclude this evidence. Regardless whether the City of Albuquerque now employs Noland, or whether the County of Bernalillo terminated Noland, one of Noland's claims is for hostile work environment because of religion or race.  One of the "critical inquiries in a hostile environment claim must be the environment."  Hicks v. Gates Rubber Co., 833 F.2d 1406, 1415 (10th Cir. 1987)(emphasis in original).  This evidence will tend to make Noland's theory that the workplace was permeated with discriminatory intimidation, ridicule, and insult more probable.  The Court thus finds that this evidence is relevant.  See Hicks v. Gates Rubber Co., 833 F.2d at 1415

("Evidence of a general work atmosphere therefore -- as well as evidence of specific hostility directed toward the plaintiff -- is an important factor in evaluating the claim."). This evidence is thus relevant to this action.

The Court will not exclude this evidence under rule 403. The evidence is not of so little relevance that the danger of unfair prejudice, confusion of the issues, or misleading the jury substantially outweighs its probative value. The proper jury instructions will help ensure that this evidence will not mislead or confuse the jury. Although the Court recognizes that this evidence may prejudice the Defendants in some manner, Noland's case is largely based on his allegations of racial and religious discrimination and harassment, and the Court will not exclude this relevant evidence which may tend to make facts of consequence to the determination of Noland's discrimination claims more or less probable. See Hunter v. Allis-Chalmers Corp., Engine Div., 797 F.2d 1417, 1423 (7th Cir. 1986)(finding that evidence of racial epithets was admissible under rule 403 to show racially hostile work environment), abrogated on other grounds by Patterson v. McLean Credit Union, 491 U.S. 164 (1989).

### III. THE COURT WILL NOT EXCLUDE EVIDENCE THAT THE DETENTION CENTER'S TERMINATION OF SEVERAL EMPLOYEES DURING THE TRANSITION TO THE BERNALILLO COUNTY HAD A DISPARATE IMPACT.

The City Defendants argue that this evidence is irrelevant, because the City of Albuquerque did not make the decision to terminate the employees. The Court will not exclude this evidence. This evidence may have some tendency to show how the County of Bernalillo and the City of Albuquerque operated the detention center, and the atmosphere at the detention center. The Court thus finds that this evidence is relevant. Cf. Bd. Of Trs. of Univ. Of Ala. v. Garrett, 531 U.S. 356, 372-72 (2001)("[D]isparate impact may be relevant evidence of racial discrimination . . . ."). The Court will not exclude this evidence under rule 403. The Court believes that, with the proper jury

instructions, this evidence will not mislead or confuse the jury. The prejudice of this evidence is minimal, and, as the City Defendants assert, the prejudice of this evidence is directed largely at the County Defendants,[2] who are no longer parties in this case. The danger of unfair prejudice thus does not substantially outweigh the probative value of this evidence. The Court thus will not exclude this evidence.

**IT IS ORDERED** that the Defendants' Motion in Limine by Defendants City of Albuquerque, Harry Tipton, Donald Crutchfield and Ernest Wickam, and Memorandum in Support filed March 16, 2011 (Doc. 139) is denied.

_____
UNITED STATES DISTRICT JUDGE

---

[2] On September 22, 2010, the Court adopted Magistrate Judge Garcia's PFRD, which recommended that the Court grant summary judgment in favor of the Defendants Bernalillo County Board of Commissioners, Bernalillo County Metropolitan Detention Center, Mike Sisneros, Ronald Torres, Henry Perea, Matt Candelaria, Juan Chacon, Matt Elwell, Paul Salcido, Erin Worsham, Danny Sisneros, and Jose Hernandez ("the County Defendants"). See September 22, 2010 Order at 2.

*Parties and counsel:*

James S. Noland
Corrales, New Mexico

>*Plaintiff pro se*

Marcus J. Rael, Jr.
Erika E. Anderson
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

>*Attorneys for Defendants Bernalillo County Board of Commissioners, Bernalillo County Metropolitan Detention Center, Mike Sisneros, Ronald Torres, Henry Perea, Matt Candelaria, Juan Chacon, Matt Elwell, Paul Salcido, Erin Worsham, Danny Sisneros, and Jose Hernandez*

Robert J. Perry
  City Attorney
Michael I. Garcia
  Assistant City Attorney
Albuquerque, New Mexico

>*Attorneys for Defendants City of Albuquerque, Harry Tipton, Donald Crutchfield, and Ernest Wickam*