IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES S. NOLAND,

        Plaintiff,

vs.                                           CIVIL NO. 08-56 JB/LFG

CITY OF ALBUQUERQUE et al.,

        Defendants.

## **REPORT AND RECOMMENDATION**[1]

THIS MATTER is before the Court on an Order of Reference [Doc. 177] and Plaintiff's Motion for New Trial and to Re-Instate Bernalillo County as a Defendant [Doc. 167]. Responses in opposition were filed by the City Defendants [Doc. 172], and by the County Defendants [Doc. 173]. No reply was filed. *Pro se* Plaintiff James S. Noland ("Noland") seeks a new trial and to reinstate Bernalillo County as a Defendant.

### **New Trial**

Noland brings his motion pursuant to Fed. R. Civ. P. 59, which provides in section (b) that a motion for a new trial must be filed no later than 28 days after the entry of judgment. As judgment was entered on April 15, 2011, the deadline for filing a Rule 59 motion was May 13, 2011, and the motion was filed May 12, 2011. Thus, Noland's motion is timely.

Noland offers no facts in support of his motion and does not submit affidavits as authorized under Rule 59(c)("A party may support a motion for a new trial with affidavits. In such a case, the

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

supporting affidavits must be filed with the motion."). Steven Baicker-McKee, William M. Janssen & John B. Corr, Federal Civil Rules Handbook 1171 (2010 ed.). Rather, he simply concludes that the verdict is against the weight of the evidence because he presented more witnesses than did Defendants.

## Timeliness of Reinstatement

Noland also seeks to reinstate his claims against Bernalillo County. Bernalillo County was never a Defendant in this lawsuit. However, the Court will liberally construe Noland's pleading to mean reinstatement of claims against all Bernalillo County Defendants. *See* Harris v. Dinwiddis, 642 F.3d 902, 903 n. 1 (10th Cir. 2011).

Those claims, however, were all dismissed on September 22, 2010 [Doc. 110]. No motion under Rule 59 was filed within 28 days of the Court's order dismissing the claims. Thus, to the extent Noland seeks reinstatement of claims dismissed against the Bernalillo County Defendants, his motion is untimely.

## Analysis

Rule 59 authorizes a district court to correct errors during a time that the court still has jurisdiction over a case. Steven Baicker-McKee, William M. Janssen & John B. Corr, Federal Civil Rules Handbook 1172 (2010 ed.). Because motions under Rule 59 are directed to the court's broad discretion, Sholz Homes, Inc. v. Wallace, 590 F.2d 860, 864 (10th Cir. 1979), the Rule contains no listing of proper grounds for altering or amending a judgment, or for granting a new trial. Rather, motions of this nature are simply left to the court's sound discretion. Id.

Rule 59 motions are disfavored and are granted only with extreme caution. United States v. Mounkes, 204 F.3d 1024, 1028 (10th Cir. 2000); *see also* Chavez v. City of Albuquerque, 640 F. Supp. 2d 1340, 1343 (D.N.M. 2008).

Case law acknowledges only four grounds that justify granting relief under Rule 59: to incorporate an intervening change in the law; to reflect new evidence not available at the time of trial; to correct clear legal error; and to prevent manifest injustice. *See, e.g.*, Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

In this case, Noland submits no affidavit or offers any evidence demonstrating an intervening change in the law. Neither does he contend that he now possesses evidence which was not available to him at the time of trial; nor does he show any legal error. Rather, by arguing that the weight of the evidence fails to support the verdict, he raises solely a question of fact. "A motion for a new trial made on the ground that the verdict of the jury is against the weight of evidence normally presents a question of fact and not of law and is addressed to the discretion of the trial court." Weese v. Schukaman, 98 F.3d 542, 550 (10th Cir. 1996). Finally, Noland fails to show that the jury's verdict constitutes manifest injustice.

For example, a Rule 59(e) motion is appropriate where a court misunderstood the facts, a party's arguments or controlling law. Barber ex rel. Barber v. Colorado Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009).

Here, Noland appears to rest the basis of his argument on the number of witnesses who testified. Yet, it is clear that "the weight of evidence is not necessarily determined by the witnesses testifying as to the existence or non-existence of any fact." [Jury Instruction No. 9]. The jury heard all of the evidence and was entitled to assess the credibility of the parties as well as that of their witnesses.

Cases are not determined by jurors simply adding up the number of witnesses testifying for or against a proposition. *See* Ciccarello v. Graham, 296 F.2d 858, 860 (5th Cir. 1961)(once finder of fact makes its credibility determination, it is not for Court to come in after the fact to "add up the

witnesses . . . in support of each party and declare the one with the most the winner."). Rather, it is the jury's function to hear all of the testimony, assess the credibility of all witnesses, and determine whether to accept or reject their testimony. *See* United States v. Magallanez, 408 f.3d 672, 682 (10th Cir. 2005)(assessing witness credibility and weighing evidence are within the exclusive province of the jury). In this case, after a full and fair trial, the jury determined that Noland failed to prove his claims. The Court cannot state that the weight of evidence presented at trial was clearly, decidedly or overwhelmingly against the jury's verdict. To the contrary, the testimony presented to the jury fully supports the jury's final determination. M.D. Mark, Inc. V. Kerr-McGee Corp., 565 F.3d 753, 762 (10th Cir. 2009).

## Recommendation

In the exercise of the Court's discretion and with the knowledge that motions for new trials are disfavored and granted only with extreme caution, United States v. Mounkes, the Court recommends denial of Noland's motion.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

4